IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KNOVA SOFTWARE, INC. and KANISA, INC., | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 06-381 (JJF) |
| v. | ) ) |
| INQUIRA, INC., | ) ) |
| Defendants. | ) |

**DEFENDANT INQUIRA, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' (1) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONSHIPS, (2) UNJUST ENRICHMENT, AND (3) UNFAIR COMPETITION CLAIMS AS PREEMPTED BY FEDERAL PATENT LAW**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
*Attorneys for Defendant InQuira, Inc.*

OF COUNSEL:

Thomas J. Friel, Jr.
Grant P. Fondo
Matthew J. Brigham
Iain R. Cunningham
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

August 3, 2006

i.

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDING ...........................................................................1

II. SUMMARY OF ARGUMENT ................................................................................................1

III. STATEMENT OF FACTS .......................................................................................................2

    A. The Parties ....................................................................................................................2

    B. Plaintiffs' Allegations ...................................................................................................2

IV. ARGUMENT ............................................................................................................................3

    A. Legal Standards .............................................................................................................3

        1. Federal Preemption of State Law ......................................................................3

        2. Federal Patent Law Preempts State Law "Patent-Like" Claims ............4

    B. Plaintiffs' Intentional Interference Claim is Preempted by Federal Patent Law .........................................................................................................................5

    C. Plaintiffs' Unjust Enrichment Claim is Preempted by Federal Patent Law .........................................................................................................................7

    D. Plaintiffs' Unfair Competition Claim is Preempted by Federal Patent Law .........................................................................................................................7

V. CONCLUSION .........................................................................................................................9

## TABLE OF CITATIONS

Page(s)

Cases

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*,
   923 F.2d 1576 (Fed. Cir. 1991)......................................................................................6

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141 (1989)........................................................................................................4

*Cipollone v. Liggett Group, Inc.*,
   505 U.S. 504 (1992)........................................................................................................3

*Dow Chemical Co. v. Exxon Corporation*,
   139 F.3d 1470 (Fed. Cir. 1998)......................................................................................6

*English v. General Elec. Co.*,
   496 U.S. 72 (1990)..........................................................................................................3

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
   362 F.3d 1367 (Fed. Cir. 2004)......................................................................................8

*Hines v. Davidowitz*,
   312 U.S. 52 (1941)..........................................................................................................3

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
   153 F.3d 1318 (Fed. Cir. 1998).........................................................................1, 5, 6, 7, 8

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*,
   175 F.3d 1356 (Fed. Cir. 1999).................................................................................1, 4

*Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*,
   411 F.3d 1369 (Fed. Cir. 2005)...............................................................................3, 4, 7

*University of Colorado Foundation, Inc. v. American Cyanamid Co.*,
   342 F.3d 1298 (Fed. Cir. 2003)......................................................................................7

*Zenith Electronics Corp. v. Exzec, Inc.*,
   182 F.3d 1340 (Fed. Cir. 1999).................................................................................4, 5

**STATUTES**

35 U.S.C. § 101....................................................................................................................3

35 U.S.C. § 284....................................................................................................................6

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 2, 3, 7, 9

1.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant InQuira, Inc. ("InQuira") hereby moves to dismiss Plaintiffs' state law claims for (1) intentional interference with prospective economic relationships, (2) unjust enrichment, and (3) unfair competition.  These claims are preempted by federal patent law.

## I.     NATURE AND STAGE OF PROCEEDING

This is a patent lawsuit filed by Plaintiffs Knova Software, Inc. ("Knova") and its wholly-owned subsidiary Kanisa, Inc. ("Kanisa") against Defendant InQuira, Inc. ("InQuira"). Knova and Kanisa allege that InQuira infringes U.S. Patent No. 6,711,585 ("the '585 patent"), relating to the field of customer relationship management (CRM) and service resolution management (SRM) software applications.  One or both Plaintiffs have also alleged three state law claims against InQuira:  (1) intentional interference with prospective economic relationships; (2) unjust enrichment; and (3) unfair competition.

Plaintiffs filed the complaint on June 9, 2006.  This Motion to Dismiss is InQuira's first responsive pleading.

## II.    SUMMARY OF ARGUMENT

Plaintiffs have alleged three counts of state law tort claims in addition to their claim of patent infringement.  Each of the state law tort claims, however, is based solely upon the claim of patent infringement, and no other allegations have been made.  The Federal Circuit has clearly held that "[i]f a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998), *overruled in part on other grounds by, Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1361 (Fed. Cir. 1999).  Accordingly, Plaintiffs'

2.

claims for tortious interference, unjust enrichment, and unfair competition fail to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. STATEMENT OF FACTS

#### A. The Parties

Defendant InQuira, Inc. ("InQuira") is a privately held, venture backed company offering a suite of software applications that enable companies to improve customer service both online and through assisted service channels. InQuira's software products include automated email and chat resolution, customer analytics, and intelligent search features capable of understanding customer needs and intents. InQuira is headquartered in San Bruno, California. (D.I. 1 at ¶ 5.)

Plaintiffs allege that they develop customer relationship management (CRM) and service resolution management software (SRM) in competition with InQuira. (D.I. 1 at ¶¶ 2, 4, 23.) Knova Software, Inc. is headquartered in Cupertino, California. Kanisa, Inc. is wholly-owned subsidiary of Knova and is headquartered in Pittsburgh, Pennsylvania.

#### B. Plaintiffs' Allegations

Plaintiffs filed suit against InQuira on June 9, 2006, alleging the following causes of action: (1) patent infringement; (2) inducing patent infringement; (3) intentional interference with prospective economic relationships; (4) unjust enrichment; (5) unfair competition; and (6) declaratory judgment. Plaintiffs have alleged that InQuira offers a "knowledge management system" that infringes the '585 patent. (D.I. 1 at ¶ 24.) Although originally assigned to Kanisa, the '585 patent is now purportedly assigned to Knova. (*Id.* at ¶¶ 20-21.)

Plaintiffs' allegations are limited strictly to patent infringement. Plaintiffs have not alleged any actions by InQuira other than purportedly making, selling, or offering to sell

allegedly infringing products.  Each of the intentional interference, unjust enrichment, and unfair competition claims are based solely on allegations of patent infringement.  Accordingly, despite the six listed counts, Plaintiffs make no allegations in the Complaint other than patent infringement.

## IV.    ARGUMENT

Plaintiffs' state law claims for intentional interference, unjust enrichment, and unfair competition are based solely on allegations of patent infringement and are preempted by federal patent law.  Accordingly, Plaintiffs' state law claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### A.    Legal Standards

#### 1.    Federal Preemption of State Law

State law that conflicts with federal law is without effect pursuant to the Supremacy Clause of the U.S. Constitution.  *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992).  A state law may be preempted in one of three ways: explicit preemption, field preemption, or conflict preemption.[1]

Although the federal patent laws do not provide for explicit preemption, *see* 35 U.S.C. § 101 et seq., the federal courts have repeatedly held state law causes of action preempted where they conflict with the goals of federal patent law.  *See, e.g., Ultra-Precision*

---

[1] Explicit preemption occurs when Congress explicitly declares that it is preempting state law.  Field preemption occurs if a federal statutory scheme occupies a given field and thus preempts state law within that field.  Finally, conflict preemption occurs when it is impossible to comply with both state and federal law, or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941).  The Supreme Court has recognized that these three categories are not rigidly distinct, and that, for example, field preemption is a species of conflict preemption.  *See English v. General Elec. Co.*, 496 U.S. 72, 80 n.5 (1990).

4.

*Manufacturing, Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1382 (Fed. Cir. 2005); *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999).

### 2.      Federal Patent Law Preempts State Law "Patent-Like" Claims

"Federal patent law reflects the objectives of Congress, which include seek[ing] to foster and reward invention, promot[ing] disclosure of inventions to stimulate further innovation and to permit the public to practice the invention once the patent expires, promoting the stringent requirements for patent protection . . . to assure that ideas in the public domain remain there for the free use of the public, providing a clear federal demarcation between public and private property, and promoting nationwide uniformity in patent law. ***A state cause of action that frustrates these objectives is preempted.***" *Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1378 (Fed. Cir. 2005) (emphasis added) (internal quotations and citations omitted). Federal law also preempts state law that offers "patent-like protection" to discoveries unprotected under federal patent law. *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156 (1989). Federal Circuit law governs the question of whether federal patent law preempts a state law claim. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1361 (Fed. Cir. 1999).

The Federal Circuit has resolved the issues of whether tortious interference, unjust enrichment, and unfair competition claims are preempted by federal patent law. A party asserting a tort action based on conduct governed by federal patent law must allege some additional element *not a part of the federal statutory scheme* such as bad faith to avoid preemption by federal law. *See, e.g., Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999).

5.

**B.    Plaintiffs' Intentional Interference Claim is Preempted by Federal Patent Law**

Count III of Plaintiffs' complaint alleges intentional interference with Knova's prospective economic relationships. This claim for tortious interference is preempted by federal patent law because it is based solely upon allegations of patent infringement.[2]

The Federal Circuit has held that "[i]f a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc.*, 153 F.3d at 1335. Indeed, without the addition of some other element or allegation, a tortious interference claim based only on patent infringement rises or falls with the underlying claim for patent infringement. Moreover, even if a tortious interference claim is based on allegations *other than* infringement, the Federal Circuit has determined that "bad faith is a prerequisite to [a party's] state-law tortious interference claim; without it, the claim is preempted by patent law." *Zenith Electronics*, 182 F.3d at 1355.

Plaintiff Knova does not make *any* allegations other than patent infringement, much less allegations involving bad faith. Count III of the complaint simply incorporates the prior allegations of patent infringement (counts I and II) into the tortious interference claim (D.I. 1 at ¶ 40), and then makes the following additional allegations:

- Knova has a reasonable expectation of economic advantage for sales of its patented methods (*id.* at ¶ 41);
- InQuira allegedly "knew of and recklessly disregarded" Knova's expectancy and/or willingly interfered "without justification or excuse" (*id.* at ¶¶ 42, 44);
- By selling infringing products, InQuira has allegedly "intentionally interfered with Knova's economic expectancy (*id.* at ¶ 43); and

---

[2]    Plaintiffs' claim for state law tortious interference does not require an identification and explication of the controlling state law because the factual allegations are completely encompassed by federal patent law. Thus, *any* tortious conduct supported by these allegations would be preempted regardless of the source of state law.

- Knova would have benefited absent InQuira's alleged infringement (*id.* at ¶¶ 45-47).

These allegations are patent infringement allegations repackaged as a tortious interference claim. Paragraph forty-three explicitly bases Knova's tortious interference claim on alleged acts of infringement. Paragraphs forty-two and forty-four allege willful infringement and are encompassed by federal patent law. *See* 35 U.S.C. § 284; *see also Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1579 (Fed. Cir. 1991) ("[E]nhanced damages may be awarded only as a penalty for an infringer's increased culpability, namely willful infringement or bad faith."). Knova is "basing its tort action on conduct that is . . . governed by federal patent law," and the tort action must therefore be preempted. *Hunter Douglas*, 153 F.3d at 1335.

The Federal Circuit's decision in *Dow Chemical Co. v. Exxon Corporation*, 139 F.3d 1470 (Fed. Cir. 1998), that a tortious interference action was *not* preempted by federal patent law is not in conflict with this analysis. In that case, Dow filed an action against Exxon for declaratory judgment of invalidity and included a state law claim for unfair competition/tortious interference. *Id.* at 1472-73. Dow alleged that Exxon had threatened to sue on a patent without a good faith belief that Dow infringed the patent, and that Exxon knew that the patent was unenforceable due to inequitable conduct. *Id.* The Federal Circuit held that the action was not preempted because it dealt with conduct not governed by federal patent law and did not "present an 'obstacle' to the execution and accomplishment of the patent laws." *Id.* at 1475; *see also Hunter Douglas*, 153 F.3d at 1337 (harmonizing its preemption analysis of state law tortious interference and unfair competition claims with *Dow Chemical*). In contrast, Knova premises its tortious interference claim here solely on allegations of patent infringement and does not allege any activities outside the scope of such infringement.


7.

Federal law prohibits Knova from using state law remedies to enforce federal patent rights. Because Knova's allegations are limited only to patent infringement, the state law claim of tortious interference must be preempted. Thus, Knova has failed to state a claim on which relief can be granted, and the intentional interference with prospective economic relationships claim (count III) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Plaintiffs' Unjust Enrichment Claim is Preempted by Federal Patent Law

Plaintiffs' claim for unjust enrichment (count IV) also fails to make any allegations besides patent infringement. Thus, federal patent law also preempts this claim.

Plaintiffs' claim for unjust enrichment simply incorporates the prior claims of patent infringement (D.I. 1 at ¶ 48), and makes the following standard allegations:

- InQuira has allegedly been unjustly enriched by the alleged patent infringement (*id.* at ¶ 49);
- InQuira's alleged conduct has damaged Plaintiffs (*id.* at ¶¶ 50, 52); and
- InQuira will allegedly continue to infringe unless restrained by the Court (*id.* at ¶ 51).

Again, Plaintiffs have simply repackaged their patent infringement claim as an unjust enrichment claim. Plaintiffs may not invoke a state law remedy to address behavior governed by federal law. *Hunter Douglas*, 153 F.3d at 1335. *See also Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1382 (Fed. Cir. 2005) (preempting state law claim of unjust enrichment even where additional, non-infringement elements were pled).

### D. Plaintiffs' Unfair Competition Claim is Preempted by Federal Patent Law

Finally, Knova's claim for unfair competition (count V) is also based solely on allegations of patent infringement and is therefore preempted.

8.

Knova incorporates its prior claims of patent infringement into the claim for unfair competition (D.I. 1 at ¶ 54), and then alleges the following:

- InQuira has allegedly engaged in unfair competition by its acts of alleged patent infringement (*id.* at ¶ 55);
- InQuira has no justification for its alleged unfair competition (*id.* at ¶ 56);
- InQuira has allegedly unfairly profited (*id.* at ¶ 57); and
- Knova has suffered monetary damages and other harm (*id.* at ¶¶ 57-59).

As with the other two state law claims, Knova bases its unfair competition claim entirely on the allegation of patent infringement (*see* D.I. 1 at ¶ 55) and make no other allegations. The unfair competition claim is therefore preempted. *See Hunter Douglas*, 153 F.3d at 1335 (suggesting on remand that each of California state law claims of unfair competition, violation of Unfair Competition Act, injurious falsehood, negligence, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage were preempted by federal patent law); *see also Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004) (holding that unfair competition claim based on "objectively baseless" allegations that a patent holder had wrongfully asserted patent claims was preempted by federal patent law).

9.

## V.  CONCLUSION

Plaintiffs' state law claims of tortious interference, unjust enrichment, and unfair competition are based solely on its claim of patent infringement and are preempted under federal patent law. Thus, Defendant InQuira, Inc. respectively requests that the Court dismiss Plaintiffs' state law claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> */s/ Rodger D. Smith II*
>
> ---
>
> Thomas C. Grimm (#1098)
> Rodger D. Smith II (#3778)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com
>   *Attorneys for Defendant InQuira, Inc.*

OF COUNSEL:

Thomas J. Friel, Jr.
Grant P. Fondo
Matthew J. Brigham
Iain R. Cunningham
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

August 3, 2006
531460

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on August 3, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Sean J. Bellew, Esquire
> COZEN O'CONNOR

I also certify that copies were caused to be served on August 3, 2006 upon the following in the manner indicated:

> **BY HAND**
>
> Sean J. Bellew, Esquire
> Cozen O'Connor
> 1201 N. Market Street
> Suite 1400
> Wilmington, DE  19801

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> Wilmington, DE  19801
> (302) 658-9200
> rsmith@mnat.com