IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KNOVA SOFTWARE, INC. and<br>KANISA, INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>INQUIRA, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-381 (JJF) |

**DEFENDANT INQUIRA, INC.'S OPENING BRIEF IN SUPPORT OF ITS *SECOND* MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS FOR (1) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONSHIPS, (2) UNJUST ENRICHMENT, AND (3) UNFAIR COMPETITION <u>AS PREEMPTED BY FEDERAL PATENT LAW</u>**

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                      Thomas C. Grimm (#1098)
                                      Rodger D. Smith II (#3778)
                                      1201 N. Market Street
                                      P.O. Box 1347
                                      Wilmington, DE  19899-1347
                                      (302) 658-9200
                                      rsmith@mnat.com
                                          Attorneys for Defendant InQuira, Inc.

OF COUNSEL:

Thomas J. Friel, Jr.
Grant P. Fondo
Matthew J. Brigham
Iain R. Cunningham
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000

September 5, 2006

i.

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF PROCEEDING ..................................................................1

II. SUMMARY OF ARGUMENT .......................................................................................1

III. STATEMENT OF FACTS ...............................................................................................2

    A. The Parties ............................................................................................................2

    B. Plaintiffs' Allegations ...........................................................................................3

IV. ARGUMENT....................................................................................................................3

    A. Legal Standards.....................................................................................................4

        1. Federal Preemption Of State Law.............................................................4

        2. Federal Patent Law Preempts State Law "Patent-Like" Claims..............4

        3. Federal Patent Law Governs Damages For Patent Infringement.............5

    B. Plaintiffs' Intentional Interference Claim Is Preempted By Federal Patent Law ........................................................................................................................6

    C. Plaintiffs' Unjust Enrichment Claim Is Preempted By Federal Patent Law........8

    D. The Unfair Competition Claim Is Preempted By Federal Patent Law ................9

    E. Plaintiffs' Amendments Simply Allege Additional Types Of Damage Resulting From Patent Infringement...................................................................10

    F. The State Law Claims Of Intentional Interference, Unjust Enrichment, And Unfair Competition Should Be Dismissed With Prejudice.........................12

V. CONCLUSION...............................................................................................................13

ii.

# TABLE OF AUTHORITIES

Page

Cases

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*
 923 F.2d 1576 (Fed. Cir. 1991)..........................................................................................7

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*
 489 U.S. 141 (1989)............................................................................................................5

*Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*
 72 F.3d 872 (Fed. Cir. 1995)............................................................................................11

*Cipollone v. Liggett Group, Inc.*
 505 U.S. 504 (1992)............................................................................................................4

*Dow Chemical Co. v. Exxon Corporation*
 139 F.3d 1470 (Fed. Cir. 1998)..........................................................................................7

*English v. General Elec. Co.*
 496 U.S. 72 (1990)..............................................................................................................4

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*
 362 F.3d 1367 (Fed. Cir. 2004)..........................................................................................9

*Hill v. City of Scranton*
 411 F.3d 118 (3d Cir. 2005)..............................................................................................12

*Hines v. Davidowitz*
 312 U.S. 52 (1941)..............................................................................................................4

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*
 153 F.3d 1318 (Fed. Cir. 1998)................................................................................ *passim*

*Kaufman Co., Inc. v. Lantech, Inc.*
 926 F.2d 1136 (Fed. Cir. 1991)........................................................................................11

*King Instruments Corp. v. Perego*
 65 F.3d 941 (Fed. Cir. 1995).....................................................................................2, 5, 11

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*
 175 F.3d 1356 (Fed. Cir. 1999)......................................................................................2, 5

*Oiness v. Walgreen Co.*
 88 F.3d 1025 (Fed. Cir. 1996)..........................................................................................11

iii.
## TABLE OF AUTHORITIES (cont'd.)

Page

*Rite-Hite Corp. v. Kelley Co.*
  56 F.3d 1538 (Fed. Cir. 1995)..................................................................................6, 11

*Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*
  411 F.3d 1369 (Fed. Cir. 2005)..................................................................................4, 5, 9

*Zenith Electronics Corp. v. Exzec, Inc.*
  182 F.3d 1340 (Fed. Cir. 1999)..................................................................................4, 5, 6

### Statutes

35 U.S.C. § 101................................................................................................................4
35 U.S.C. § 281................................................................................................................5
35 U.S.C. § 283................................................................................................................5
35 U.S.C. § 284................................................................................................................2, 5, 7
Fed. R. Civ. P. 12(b)(6)....................................................................................1, 2, 4, 8, 13
Fed. R. Civ. P. 15(a).......................................................................................................12

1.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant InQuira, Inc. ("InQuira") hereby moves to dismiss plaintiffs' state law claims for (1) intentional interference with prospective economic relationships, (2) unjust enrichment, and (3) unfair competition. These claims remain preempted by federal patent law.

I.    **NATURE AND STAGE OF PROCEEDING**

This is a patent lawsuit filed by plaintiffs Knova Software, Inc. ("Knova") and its wholly-owned subsidiary Kanisa, Inc. ("Kanisa") against InQuira. Knova and Kanisa allege that InQuira infringes U.S. Patent No. 6,711,585 ("the '585 patent"), relating to the field of customer relationship management (CRM) and service resolution management (SRM) software applications. One or both plaintiffs have also alleged three state law claims against InQuira: (1) intentional interference with prospective economic relationships; (2) unjust enrichment; and (3) unfair competition.

Plaintiffs filed the complaint on June 9, 2006. Defendant InQuira filed its First Motion to Dismiss plaintiffs' state law claims on August 3, 2006 (D.I. 9, 10). Plaintiffs responded to this Motion to Dismiss by filing an Amended Complaint on August 16, 2006 (D.I. 11). Plaintiffs' newest complaint adds only a few new allegations, and none that remedy the defect in the state law claims. Because plaintiffs remain unable to state any claim other than simple patent infringement, InQuira is filing this Second Motion to Dismiss Plaintiffs' state law claims.

II.    **SUMMARY OF ARGUMENT**

Plaintiffs have alleged three counts of state law tort claims in addition to their claim of patent infringement. Each of the state law tort claims, however, is based solely upon the

2.

claim of patent infringement, and no other allegations have been made. The Federal Circuit has clearly held that "[i]f a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998), *overruled in part on other grounds by, Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1361 (Fed. Cir. 1999).

In response to InQuira's First Motion to Dismiss, plaintiffs amended their complaint on August 16, 2006 to make minor changes in their damages allegations. *See* D.I. 11 at ¶¶ 49, 55, and 67. These revisions change nothing. Plaintiffs' state law claims are still premised on simple patent infringement, and the additional damages allegations remain encompassed and preempted by federal patent law. *See King Instruments Corp. v. Perego*, 65 F.3d 941, 947 (Fed. Cir. 1995) ("Section 284 imposes no limitation on the types of harm resulting from infringement that the statute will redress."). Accordingly, plaintiffs' claims for tortious interference, unjust enrichment, and unfair competition fail to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### III.    STATEMENT OF FACTS

#### A.    The Parties

Defendant InQuira is a privately held, venture backed company offering a suite of software applications that enable companies to improve customer service both online and through assisted service channels. InQuira's software products include automated email and chat resolution, customer analytics, and intelligent search features capable of understanding customer needs and intents. InQuira is headquartered in San Bruno, California (D.I. 11 at ¶ 5).

3.

Plaintiffs allege that they develop customer relationship management (CRM) and service resolution management software (SRM) in competition with InQuira (D.I. 11 at ¶¶ 2, 4, 26). Knova Software, Inc. is headquartered in Cupertino, California. Kanisa, Inc. is wholly-owned subsidiary of Knova and is headquartered in Pittsburgh, Pennsylvania.

B. **Plaintiffs' Allegations**

Plaintiffs filed suit against InQuira on June 9, 2006, and filed an amended complaint on August 16, 2006. *See* D.I. 1, 11. The Amended Complaint alleges the following causes of action: (1) patent infringement; (2) inducing patent infringement; (3) intentional interference with prospective economic relationships; (4) unjust enrichment; (5) unfair competition; and (6) declaratory judgment. Plaintiffs have alleged that InQuira offers a "knowledge management system" that infringes the '585 patent (D.I. 11 at ¶ 27). Although originally assigned to Kanisa, the '585 patent is now purportedly assigned to Knova (*id.* at ¶¶ 20-21).

Plaintiffs' allegations are limited strictly to patent infringement. Plaintiffs have not alleged any actions by InQuira other than purportedly making, selling, or offering to sell allegedly infringing products. The Amended Complaint simply makes minor changes to its damages allegations and does not allege any additional claims. *See* Redline Version of Amended Complaint at D.I. 11, #6. Accordingly, despite the six listed counts, plaintiffs complain only of patent infringement.

IV. **ARGUMENT**

Plaintiffs' state law claims for intentional interference, unjust enrichment, and unfair competition are based solely on allegations of patent infringement and are preempted by

4.

federal patent law. Accordingly, plaintiffs' state law claims should be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Legal Standards

#### 1. Federal Preemption Of State Law

State law that conflicts with federal law is without effect pursuant to the Supremacy Clause of the U.S. Constitution. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). A state law may be preempted in one of three ways: explicit preemption, field preemption, or conflict preemption.[1]

Although the federal patent laws do not provide for explicit preemption, *see* 35 U.S.C. § 101 et seq., the federal courts have repeatedly held state law causes of action preempted where they conflict with the goals of federal patent law. *See, e.g., Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1382 (Fed. Cir. 2005); *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999).

#### 2. Federal Patent Law Preempts State Law "Patent-Like" Claims

"Federal patent law reflects the objectives of Congress, which include seek[ing] to foster and reward invention, promot[ing] disclosure of inventions to stimulate further innovation and to permit the public to practice the invention once the patent expires, promoting the stringent requirements for patent protection . . . to assure that ideas in the public domain remain there for

---

[1] Explicit preemption occurs when Congress explicitly declares that it is preempting state law. Field preemption occurs if a federal statutory scheme occupies a given field and thus preempts state law within that field. Finally, conflict preemption occurs when it is impossible to comply with both state and federal law, or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). The Supreme Court has recognized that these three categories are not rigidly distinct, and that, for example, field preemption is a species of conflict preemption. *See English v. General Elec. Co.*, 496 U.S. 72, 80 n.5 (1990).

5.

the free use of the public, providing a clear federal demarcation between public and private property, and promoting nationwide uniformity in patent law.  ***A state cause of action that frustrates these objectives is preempted.***" *Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1378 (Fed. Cir. 2005) (emphasis added) (internal quotations and citations omitted).  Federal law also preempts state law that offers "patent-like protection" to discoveries unprotected under federal patent law. *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156 (1989).  Federal Circuit law governs the question of whether federal patent law preempts a state law claim. *See Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1361 (Fed. Cir. 1999).

The Federal Circuit has resolved the issues of whether tortious interference, unjust enrichment, and unfair competition claims are preempted by federal patent law.  A party asserting a tort action based on conduct governed by federal patent law must allege some additional element *not a part of the federal statutory scheme* -- such as bad faith -- to avoid preemption by federal law. *See, e.g., Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999).

### 3. <u>Federal Patent Law Governs Damages For Patent Infringement</u>

Federal patent law governs remedies for patent infringement. *See* 35 U.S.C. § 281 (authorizing civil action remedy for infringement of patent), § 283 (authorizing injunction), § 284 (authorizing damages "adequate to compensate for the infringement").  Moreover, federal patent law is broad enough to encompass "any injury as long as it resulted from the infringement." *King Instruments Corp. v. Perego*, 65 F.3d 941, 947 (Fed. Cir. 1995).

6.

The Federal Circuit, sitting *en banc* in 1995, stated that "while the statutory text states tersely that the patentee receive 'adequate' damages, the Supreme Court has interpreted this to mean that 'adequate' damages should approximate those damages that will *fully compensate* the patentee for infringement." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (emphasis in original). Accordingly, the Federal Circuit concluded that a patentee could recover for lost sales of a device *not covered by the patent-in-suit* because those lost sales would have been "reasonably foreseeable by an infringing competitor in the relevant market." *Id.* at 1546-47. Thus, the federal patent laws are broad enough to govern *all* damages resulting from patent infringement and preempt any state law remedies that attempt to circumvent the federal statutory scheme.

### B. Plaintiffs' Intentional Interference Claim Is Preempted by Federal Patent Law

Count III of Plaintiffs' Amended Complaint alleges intentional interference with Knova's prospective economic relationships. This claim for tortious interference is preempted by federal patent law because it is based solely upon allegations of patent infringement.[2]

The Federal Circuit has held that "[i]f a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc.*, 153 F.3d at 1335. Indeed, without the addition of some other element or allegation, a tortious interference claim based only on patent infringement rises or falls with the underlying claim for

---

[2] Plaintiffs' claim for state law tortious interference does not require an identification and explication of the controlling state law because the factual allegations are completely encompassed by federal patent law. Thus, *any* tortious conduct supported by these allegations would be preempted regardless of the source of state law.

7.

patent infringement. Moreover, even if a tortious interference claim is based on allegations *other than* infringement, the Federal Circuit has determined that "bad faith is a prerequisite to [a party's] state-law tortious interference claim; without it, the claim is preempted by patent law." *Zenith Electronics*, 182 F.3d at 1355.

Plaintiff Knova does not make *any* allegations other than patent infringement, much less allegations involving bad faith. Count III of the Complaint simply incorporates the prior allegations of patent infringement (counts I and II) into the tortious interference claim (D.I. 11 at ¶ 48), and then makes the following additional allegations:

- Knova has a reasonable expectation of economic advantage for sales of its patented methods (*id.* at ¶ 49);

- InQuira allegedly "knew of and recklessly disregarded" Knova's expectancy and/or willingly interfered "without justification or excuse" (*id.* at ¶¶ 50, 52);

- By selling infringing products, InQuira has allegedly "intentionally interfered with Knova's economic expectancy (*id.* at ¶ 51); and

- Knova would have benefited absent InQuira's alleged infringement (*id.* at ¶¶ 53-55).

These allegations are patent infringement allegations repackaged as a tortious interference claim. Paragraph fifty-one explicitly bases Knova's tortious interference claim on alleged acts of infringement. Paragraphs fifty and fifty-two allege willful infringement and are encompassed by federal patent law. *See* 35 U.S.C. § 284; *see also Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1579 (Fed. Cir. 1991) ("[E]nhanced damages may be awarded only as a penalty for an infringer's increased culpability, namely willful infringement or bad faith."). Knova is "basing its tort action on conduct that is . . . governed by federal patent law," and the tort action must therefore be preempted. *Hunter Douglas*, 153 F.3d at 1335.

8.

The Federal Circuit's decision in *Dow Chemical Co. v. Exxon Corporation*, 139 F.3d 1470 (Fed. Cir. 1998), that a tortious interference action was *not* preempted by federal patent law is not in conflict with this analysis. In that case, Dow filed an action against Exxon for declaratory judgment of invalidity and included a state law claim for unfair competition/tortious interference. *Id.* at 1472-73. Dow alleged that Exxon had threatened to sue on a patent without a good faith belief that Dow infringed the patent, and that Exxon knew that the patent was unenforceable due to inequitable conduct. *Id.* The Federal Circuit held that the action was not preempted because it dealt with conduct not governed by federal patent law -- bad faith threats -- and did not "present an 'obstacle' to the execution and accomplishment of the patent laws." *Id.* at 1475; *see also Hunter Douglas*, 153 F.3d at 1337 (harmonizing its preemption analysis of state law tortious interference and unfair competition claims with *Dow Chemical*). In contrast, Knova premises its tortious interference claim here solely on allegations of patent infringement and does not allege any activities outside the scope of such infringement.

Federal law prohibits Knova from using state law remedies to enforce federal patent rights. Because Knova's allegations are limited only to patent infringement, the state law claim of tortious interference must be preempted. Thus, Knova has failed to state a claim on which relief can be granted, and the intentional interference with prospective economic relationships claim (count III) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C.    Plaintiffs' Unjust Enrichment Claim Is Preempted by Federal Patent Law**

Plaintiffs' claim for unjust enrichment (count IV) also fails to make any allegations besides patent infringement. Thus, federal patent law also preempts this claim.

9.

Plaintiffs' claim for unjust enrichment simply incorporates the prior claims of patent infringement (D.I. 11 at ¶ 56), and makes the following standard allegations:

- InQuira has allegedly been unjustly enriched by the alleged patent infringement (*id.* at ¶ 57);
- InQuira's alleged conduct has damaged Plaintiffs (*id.* at ¶¶ 58, 60); and
- InQuira will allegedly continue to cause damage unless restrained by the Court (*id.* at ¶ 59).

Again, plaintiffs have simply repackaged their patent infringement claim as an unjust enrichment claim. Plaintiffs may not invoke a state law remedy to address behavior governed by federal law. *Hunter Douglas*, 153 F.3d at 1335. *See also Ultra-Precision Manufacturing, Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1382 (Fed. Cir. 2005) (preempting state law claim of unjust enrichment even where additional, non-infringement elements were pled).

D. **The Unfair Competition Claim Is Preempted by Federal Patent Law**

Finally, Knova's claim for unfair competition (count V) is also based solely on allegations of patent infringement and is therefore preempted.

Knova incorporates its prior claims of patent infringement into the claim for unfair competition (D.I. 11 at ¶ 62), and then alleges the following:

- InQuira has allegedly engaged in unfair competition by its acts of alleged patent infringement (*id.* at ¶ 63);
- InQuira has no justification for its alleged unfair competition (*id.* at ¶ 64);
- InQuira has allegedly unfairly profited (*id.* at ¶ 65); and
- Knova has suffered monetary damages and other harm (*id.* at ¶¶ 65-67).

As with the other two state law claims, Knova bases its unfair competition claim entirely on the allegation of patent infringement (*see* D.I. 11 at ¶ 63) and makes no other

10.

allegations.[3]  The unfair competition claim is therefore preempted.  *See Hunter Douglas*, 153 F.3d at 1335 (suggesting on remand that each of California state law claims of unfair competition, violation of Unfair Competition Act, injurious falsehood, negligence, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage were preempted by federal patent law); *see also Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004) (holding that unfair competition claim based on "objectively baseless" allegations that a patent holder had wrongfully asserted patent claims was preempted by federal patent law).

### E.  Plaintiffs' Amendments Simply Allege Additional Types Of Damage Resulting From Patent Infringement

Plaintiffs' amended state law claims remain preempted by federal patent law.  Indeed, plaintiffs' changes underscore the absence of any allegations other than patent infringement.  Plaintiffs had an opportunity -- after being served with InQuira's First Motion to Dismiss -- to make claims outside the scope of patent preemption, and they did not.  Instead, plaintiffs have simply tweaked their damages allegations by alleging additional loss due to "bundled services."  *See* D.I. 11 at ¶¶ 31-33.

Plaintiffs now allege that InQuira "bundles its infringing software with other services, such as maintenance and support and software customization."  D.I. 11 at ¶ 31.  Plaintiffs claim that "InQuira would not be able to offer for sale the bundled services *but for* the

---

[3]  Paragraph 63 of Plaintiffs' Amended Complaint conceivably could be read as alleging two different actions: (1) selling infringing products; and (2) marketing the infringing products "with the bundled services."  In any case, the allegations fail to state a claim because marketing a non-infringing product with "bundled services" is not actionable.  Once again, Plaintiffs complain only of patent infringement, and the state law claim rises and falls with the patent infringement claim.

11.

marketing of its *infringing software*," and that "*[b]ut for* Inquira's competing against it with *Knova's patented technology*, Knova would have been awarded the contracts Inquira obtained and would have obtained *higher profits* upon the contracts it was awarded." D.I. 11 at ¶¶ 32-33 (emphasis added). As the emphasized portions of these claims indicate, plaintiffs are simply stating different tests for damages under the patent laws.

> For example, if a patentee seeks to recover lost profits,
>
> > [T]he patentee must show a reasonable probability that, *"but for"* the infringement, it would have made the sales that were made by the infringer.

*Rite-Hite Corp.*, 56 F.3d at 1545 (emphasis added). In some circumstances, the patent laws also permit patentees to recover lost profits for "convoyed sales" and "derivative sales"[4] of products not covered by the patent-in-suit:

> When a patentee either seeks damages on an entire machine where its patent covers only a patented component or seeks damages for lost sales of unpatented goods sold along with a patented device ("convoyed" sales), a patentee must satisfy the entire market value rule, that is, the patentee must prove that the patent-related feature is the basis for customer demand for the unpatented parts to which it seeks to extend its damages.

*King Instruments Corp. v. Perego*, 65 F.3d 941, 956 (Fed. Cir. 1995). This "entire market value rule" requires that plaintiffs show that their patented product is the *basis* for customer demand for the unpatented products or services. As such, the patent laws specifically govern the level and type of proof required to establish lost profit damages. *See Kaufman Co., Inc. v. Lantech, Inc.*, 926 F.2d 1136, 1141 (Fed. Cir. 1991) ("The loss of profits is not presumed to result

---

[4] The Federal Circuit has used the term "convoyed sales" to refer to sales of unpatented products sold simultaneously with patented products. The term "derivative sales" refers to sales of unpatented spare parts for use with patented products. *See Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*, 72 F.3d 872, 882 n.8 (Fed. Cir. 1995).

12.

automatically from infringing sales."); see *also Oiness v. Walgreen Co.*, 88 F.3d 1025, 1032 (Fed. Cir. 1996) (reversing jury award where expert testimony "provided no more than speculation"). Plaintiffs cannot circumvent the stringent standards for recovery under the patent laws by simply claiming additional damages under state law. If a patent holder seeks to recover these types of damages, it must do so under the patent laws.

Here, plaintiffs attempt to circumvent the patent laws by linking the additional "bundled services" allegations with their state law claims and alleging that they are entitled to damages "to the extent the fees attributable to the bundled services are not recoverable as damages sustained by Inquira's infringement . . . ." D.I. at ¶¶ 55, 60, 67. But if InQuira has not infringed plaintiffs' patent, InQuira has done nothing wrong. And if the fees attributable to the bundled services are not recoverable as damages sustained by InQuira's infringement, *then they are not recoverable at all*. Plaintiffs must prove damages resulting from patent infringement under governing federal law and cannot use state law remedies to circumvent this federal law. *Hunter Douglas, Inc.*, 153 F.3d at 1335. Accordingly, plaintiffs' amended state law claims should be dismissed as preempted.

F. **The State Law Claims Of Intentional Interference, Unjust Enrichment, And Unfair Competition Should Be Dismissed With Prejudice**

Plaintiffs have had the opportunity to amend their complaint to state claims outside the scope of patent infringement. Instead, Plaintiffs made superficial changes to the state law damages allegations and failed to allege any behavior other than basic patent infringement. If plaintiffs could have alleged facts and made claims outside the scope of patent infringement,

13.

they would have (and should have) made those claims. Any subsequent attempt to maintain the state law claims will be futile.

Under Fed. R. Civ. P. 15(a), a plaintiff is entitled to amend its complaint only once. Courts may grant subsequent amendments "when justice so requires." Fed. R. Civ. P. 15(a). "While Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005) (affirming district court's denial of leave to amend on the basis that such amendment would be futile). Any amendment of the state law claims in the instant case will be futile because it is clear from plaintiffs' original and amended complaints that there are no allegations outside the scope of patent infringement. Accordingly, plaintiffs' state law claims should be dismissed with prejudice.

14.

**V.    CONCLUSION**

Plaintiffs' state law claims of tortious interference, unjust enrichment, and unfair competition are based solely on its claim of patent infringement and are therefore preempted under federal patent law. Defendant InQuira, Inc. respectively requests that the Court dismiss plaintiffs' state law claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              */s/ Rodger D. Smith II*

                              Thomas C. Grimm (#1098)
                              Rodger D. Smith II (#3778)
                              1201 N. Market Street
                              P.O. Box 1347
                              Wilmington, DE  19899
                              (302) 658-9200
                              rsmith@mnat.com
                                *Attorneys for Defendant InQuira, Inc.*

OF COUNSEL:

Thomas J. Friel, Jr.
Grant P. Fondo
Matthew J. Brigham
Iain R. Cunningham
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

September 5, 2006
535698

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on September 5, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Sean J. Bellew, Esquire
> COZEN O'CONNOR

I also certify that copies were caused to be served on September 5, 2006 upon the following in the manner indicated:

> **BY HAND**
>
> Sean J. Bellew, Esquire
> Cozen O'Connor
> 1201 N. Market Street
> Suite 1400
> Wilmington, DE  19801

> */s/ Rodger D. Smith II*
>
> Rodger D. Smith II (#3778)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> Wilmington, DE  19801
> (302) 658-9200
> rsmith@mnat.com