IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KNOVA SOFTWARE, INC. and<br>KANISA, INC.<br><br>        Plaintiffs,<br><br>   v.<br><br>INQUIRA, INC.,<br><br>        Defendants. | C.A. No. 06-381-JJF<br><br>Jury Trial Demanded |

## PLAINTIFFS' ANSWERING BRIEF
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
## THE STATE LAW CLAIMS FOR INTENTIONAL INTERFERENCE;
## UNJUST ENRICHMENT AND UNFAIR COMPETITION

Dated: October 13, 2006

Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Counsel for Plaintiffs, Knova Software, Inc.
and Kanisa, Inc.*

OF COUNSEL:
Robert W. Hayes
James H. Heller
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

WILMINGTON\38796\1 099997.000

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES ............................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS.................................................................1

SUMMARY OF ARGUMENT ..........................................................................................2

STATEMENT OF FACTS .................................................................................................4

    A.    Background......................................................................................................4

    B.    Procedural History...........................................................................................6

ARGUMENT.......................................................................................................................7

    A.    A Motion to Dismiss Should Be Granted Only Where It Is Clear That a Plaintiff Can Prove No Set of Facts Which Would Entitle It To Relief................................7

    B.    Federal Patent Law Preempts Only Those State Law Causes of Action in Direct Conflict with the Statutory Scheme..................................................................8

    C.    Under the Facts Pled in the Amended Complaint, Affording Knova Recovery Under State Law Would Not Conflict with Federal Patent Law...........................9

CONCLUSION .................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Dow Chemical Co. v. Exxon Corp.*
   139 F.3d 1470 (Fed. Cir. 1998) ..................................................................................8, 9

*Enzo Life Sciences, Inc. v. Digene Corp.,*
   295 F. Supp. 2d 424 (D. Del. 2003) ................................................................................7

*Florida Lime & Avocado Growers, Inc. v. Paul,*
   373 U.S. 132 (1963) ........................................................................................................9

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.,*
   362 F.3d 1367 (Fed. Cir. 2004) ....................................................................................13

*Hines v. Davidowitz,*
   312 U.S. 52 (1941) ..........................................................................................................9

*Hirsch v. Bank of America,*
   132 Cal. Rptr. 2d 220 (Cal. Ct. App. 2003) .................................................................11

*Hunter Douglas, Inc. v. Harmonic Design, Inc.,*
   153 F.3d 1318 (Fed. Cir. 1998) .......................................................................2, 3, 8, 12

*Lipson v. Anesthesia Services, P.A.,*
   790 A.2d 1261 (Del. Super. 2001) ................................................................................11

*Mars Inc. v. Kabushiki-Kaisha Nippon Conlux,*
   24 F.3d 1368 (Fed. Cir. 1994) ........................................................................................9

*Mass. Eye and Ear Infirmary v. OLT Phototherapeutics, Inc.,*
   399 F.3d 360 (1st Cir. 2005) .........................................................................................10

*Midwest Industries, Inc. v. Karavan Trailers, Inc.,*
   175 F.3d 1356 (Fed. Cir. 1999). .....................................................................................8

*Morgan v. Byron,*
   435 F. Supp. 2d. 388 (D. Del. 2006) ..............................................................................7

*Rodime PLC v. Seagate Tech., Inc.,*
   174 F.3d 1294 (Fed. Cir. 1999) ...............................................................................10, 11

*Sheehan v. Little Switzerland, Inc.,*
   136 F. Supp. 2d 301 (D. Del. 2001) ................................................................................7

WILMINGTON\38796\1 099997.000

*Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate Services, Inc.*,
    42 Cal. Rptr. 3d 235 (Cal. Ct. App. 2006)..................................................................11

*Total Care Physicians, P.A. v. O'Hara*,
    798 A.2d 1043 (Del. Super. 2001).............................................................................11

*Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
    140 F.3d. 478 (3d Cir. 1998).......................................................................................7

*Ultra-Precision Manufacturing Ltd. v. Ford Motor Co.*,
    411 F.3d 1369 (Fed. Cir. 2005)...........................................................................8, 9, 10

*University of Colorado Foundation v. American Cyanamid*,
    342 F.3d 1298 (Fed. Cir. 2003)..............................................................................8, 10

*Zenith Electronics Corp. v. Exzec, Inc.*,
    182 F.3d 1340 (Fed. Cir. 1999)...........................................................................9, 12, 13

**Statutes**

35 U.S.C. § 271(a)..............................................................................................................10

35 U.S.C. § 287...................................................................................................................13

## NATURE AND STAGE OF PROCEEDINGS

On June 9, 2006, Plaintiffs Knova Software Inc. and Kanisa, Inc. (collectively, "Knova" or "Plaintiffs") filed their Complaint against defendant InQuira, Inc. ("InQuira"). (D.I. 1). The Complaint set forth six causes of action: (i) infringement of Plaintiffs' patent entitled "System and Method for Implementing a Knowledge Management System" (the "'585 Patent"); (ii) inducement to infringe the '585 Patent; (iii) intentional interference with Plaintiffs' prospective economic relations; (iv) unjust enrichment; (v) unfair competition; and (vi) declaratory judgment as to Plaintiffs' right, title and enforceability of the '585 Patent.

On August 3, 2006, InQuira moved to dismiss Knova's state law claims for intentional interference with prospective economic relations, unjust enrichment and unfair competition as allegedly being preempted by federal patent law. (D.I. 9). In response to this Motion, on August 16, 2006, Knova filed an Amended Complaint to supplement the factual allegations made in support of its state law causes of action, while still maintaining its original six causes of action (hereinafter "Am. Cmpt. ¶ __"). (D.I. 11).

Nevertheless, on September 5, 2006, InQuira filed its Second Motion to Dismiss Plaintiffs' State Law Claims. (D.I. 12). Contemporaneous with the filing of its second motion, InQuira filed its opening brief in support of its second motion to dismiss (hereinafter, "O.B. at p. __"). (D.I. 13). This is Plaintiff's Answering Brief in Opposition to InQuira's Second Motion to Dismiss the State Law Claims.

## SUMMARY OF ARGUMENT

InQuira moves to dismiss state law causes of action to recover for the incremental damages Knova will likely incur as a result of InQuira's competing against it with a knowledge management system that infringes the '585 Patent. It takes this position even though these claims are supplementary to Knova's patent infringement claim, are in no manner inconsistent with the federal patent law scheme and challenge marketplace conduct traditionally subject to state law regulation. InQuira does not offer any statutory or case law support for this novel assertion and, instead, relies upon case authorities that, to the extent they have any relevance to the pending action, actually support Knova's position.

As InQuira appears to concede, federal patent law does not preempt the field of state law and state law rights of action may be asserted with respect to patents unless they directly conflict with the federal statutory scheme. Indeed, the Federal Circuit Court of Appeals has repeatedly recognized that state law regulation of marketplace conduct is permissible even if the wrongful conduct at issue involves patents or patent rights, provided that state law does not attempt to impose liability for conduct permissible under patent law. The courts have also held that a plaintiff may assert state law unjust enrichment claims to recover for any incremental benefits a defendant has obtained by encroaching upon another's patent rights.

Furthermore, InQuira misunderstands the holding in *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998), *overruled in part on other grounds*, *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999), in arguing that state law unfair competition type claims cannot be asserted unless the plaintiff proves bad faith. To the contrary, in *Hunter Douglas*, the Court merely held that a plaintiff could not assert a state law unfair competition claim based upon a patent holder's alleged misuse of its patent rights without proving bad faith because patent holders are permitted under federal law to threaten the

2

enforcement of patent unless they act in bad faith. Indeed, as *Hunter Douglas* and its progeny hold that state law claims may be asserted to recover for conduct that violates the patent law, they support Knova's claims in this action.

Knova's state law causes of action complement its patent infringement claims and are in no manner inconsistent with the federal patent law statutory scheme. While it may ultimately be determined, as InQuira asserts, that the damages Knova claims in its state law causes of action are recoverable under its patent infringement claims as well, that determination cannot be made at this early stage of the proceedings before Knova has had an opportunity conduct discovery and to determine all of the benefits InQuira has obtained by reason of competing against it with a knowledge management systems that infringes the '585 Patent. Should it be determined that any of the benefits InQuira has obtained by competing against Knova are not recoverable under its infringement claims, Knova's state law claims to recover these damages are not preempted. InQuira's Motion to Dismiss should accordingly be denied.

3

## STATEMENT OF FACTS

### A. Background

Knova is a leading developer of searchable knowledge management applications that focus on software programs for customer relationship management ("CRM") and service resolution management ("SRM"). (Am. Cmpt. ¶4). Knova is organized under Delaware law and maintains its principal place of business in Cupertino, California. (Am. Cmpt. ¶1). CRM and SRM systems are used by customer service and service management representatives to obtain the information necessary to respond to customer complaints or inquiries about a company's products, services or capabilities. They are also used as the foundation for automated customer service and service management websites. These systems organize and retrieve information so that when queried as to, for instance, a problem with a product, they provide possible diagnoses and offer likely solutions.

Kanisa is Knova's wholly-owned subsidiary, and provides research and development services to its parent. (Am. Cmpt. ¶3). Kanisa's employees developed and implemented a system and method for implementing a knowledge management system that can quickly deliver highly relevant knowledge upon request. (Am. Cmpt. ¶14). This system organizes and retrieves information through the use of multiple taxonomies that recognize relationships between various words and concepts, determines the probability that multiple potential solutions are the correct response to an inquiry, ranks solutions in the order of probability of their being the correct solution and/or eliminates potential solutions in their order of probability in accordance with questions it poses to users. (Am. Cmpt. ¶15).

This invention addressed a long felt need in the customer relations and service management field for a knowledge management system that can quickly deliver timely and highly relevant knowledge upon request and without requiring extended questioning and

feedback. (Am. Cmpt. ¶14). Systems that do not employ multiple taxonomies are simply not as effective and are unable to support knowledge management systems that deliver timely and highly relevant knowledge. (Am. Cmpt. ¶16). On March 23, 2004, the United States Patent and Trademark Office duly and validly issued the '585 Patent with respect to this invention. Kanisa subsequently assigned the '585 Patent to Knova. (Am. Cmpt. ¶¶19-20).

Knova utilizes the inventions claimed in the '585 Patent in the CRM and SRM system it produces, markets and supports (the "Knova Applications Suite"). (Am. Cmpt. ¶22). When a customer purchases a knowledge management system, it generally requires that Knova customize its standard system to its customer's specific requirements. Knova is also frequently requested to provide support and maintain its system and to provide other ancillary or independent services. Knova separately charges its customers for these services. (Am. Cmpt. ¶¶23-25).

InQuira directly competes with Knova and produces, markets and sells its own CRM and SRM knowledge management system. (Am. Cmpt. ¶¶5, 26). It is also located in California and organized and existing under Delaware law. (Am. Cmpt. ¶5). As the acquisition of knowledge management systems requires a substantial investment, customers generally request bids from several competitors before acquiring a system. InQuira is one of Knova's primary competitors in responding to these bids. (Am. Cmpt. ¶6). InQuira advises its customers that its knowledge management system provides the functionality of Knova's Application Suite software. (Am. Cmpt. ¶28). In several instances, InQuira has won bids from Knova. In those instances, it has not only been engaged to deliver a knowledge management system, but has also been engaged to install and customize its generic system, to support and maintain the system and provide other ancillary or independent services. (Am. Cmpt. ¶28).

5

### B. Procedural History

In this action, Knova claims that InQuira's knowledge management system infringes the '585 Patent by, *inter alia*, utilizing multiple taxonomies. Based on these allegations, Knova has asserted claims for patent infringement and for inducing the infringement of the '585 Patent. It also seeks declaratory judgment relief.

Additionally, Knova alleges that InQuira could not have delivered a knowledge management system with the functionality required by those customers that solicited CRM and SRM system bids if it did not utilize multiple taxonomies or otherwise utilized the inventions disclosed in the '585 Patent. (Am. Cmpt. ¶29). It therefore asserts state law tortuous interference with prospective economic relations, unjust enrichment and unfair competition claims seeking to recover for any incremental benefits InQuira has obtained as a result of winning bids for which it could not have bid if it did not promise to deliver a system utilizing multiple taxonomies. Those benefits would include the sums it was paid to install, customize, maintain and support its system.

Presently pending before the Court is InQuira's Second Motion to Dismiss Knova's state law claims on the grounds that they are preempted. In support of this Motion, InQuira argues that all of the damages Knova seeks are recoverable under its patent infringement and other federal claims to the extent it establishes liability. If any of those damages are not recoverable upon a claim for patent infringement, however, InQuira contends that the patent law prohibits Knova from pursuing state court remedies to obtain additional relief. While Knova does not dispute that the damages it claims in its state law causes of action are likely recoverable under its patent infringement claims as well, should it be determined otherwise, Knova sharply disagrees that its state law claims to recover for any incremental damages are preempted. InQuira's Motion to Dismiss should accordingly be dismissed.

## ARGUMENT

### A. A Motion to Dismiss Should Be Granted Only Where It Is Clear That a Plaintiff Can Prove No Set of Facts Which Would Entitle It To Relief

For the purposes of InQuira's Motion to Dismiss, the Court "assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in a light most favorable to the Plaintiff." *Morgan v. Byron,* 435 F. Supp. 2d. 388, 389 (D. Del. 2006) (citing *Amiot v. Kemper Ins. Co.,* 122 Fed. Appx. 577, 579 (3d Cir. 2004)). The Court must construe the Amended Complaint in Plaintiffs' favor. *Sheehan v. Little Switzerland, Inc.,* 136 F. Supp. 2d 301, 309 (D. Del. 2001) (citing *Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d. 478, 483 (3d Cir. 1998)). Additionally, Plaintiffs "need not allege the existence of every element of his or her claim as long as the allegations plead facts sufficient to provide the defendant with 'fair notice of the transaction' and to 'set[ ] forth the material points necessary to sustain recovery.'" *Enzo Life Sciences, Inc. v. Digene Corp.,* 295 F. Supp. 2d 424, 427 (D. Del. 2003) (quoting *Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 124 (3d Cir. 1998)).

InQuira bears the burden of persuasion to establish that Plaintiffs could not demonstrate any set of facts that would entitle them to relief. *Sheehan,* 136 F. Supp. 2d at 309 (citing *Conley v. Gibson,* 355 US 41, 45-46 (1957)). "A complaint should be dismissed only if, after accepting as true all the facts alleged in the complaint and drawing all reasonable inferences in the Plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels,* 140 F.3d at 483. In the instant action, InQuira has not met the heavy burden of demonstrating that there are no set of facts under which the Court could provide Knova relief under the state law causes of action it pled.

WILMINGTON\38796\1 099997.000

**B.   Federal Patent Law Preempts Only Those State Law Causes of Action in Direct Conflict with the Statutory Scheme**

As InQuira appears to concede, patent law generally does not preempt state law causes of action. *University of Colorado Foundation v. American Cyanamid*, 342 F.3d 1298, 1302-03 (Fed. Cir. 2003); *Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998).[1] *See also, Ultra-Precision Manufacturing Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377 (Fed. Cir. 2005). Patent law preempts only those state law rights of action that conflict with the federal statutory scheme. *Ultra-Precision*, 411 F.3d at 1337. "[A] state law [cause of action] is not per se preempted unless every fact situation that would satisfy the state law is in conflict with federal law." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998), *overruled in part on other grounds, Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999). In its Amended Complaint, Knova alleges facts that would entitle it to relief upon its state law causes of action that would not conflict with the federal patent law scheme.

Preemption may be explicit, field or based upon a conflict between federal and state law. *Id.* Preemption of state law is explicit where Congress has expressly provided for federal law to regulate a specific subject exclusively. Field preemption occurs when state law regulates conduct in a field that Congress intends the federal government to occupy exclusively. *Id.* As the Federal Circuit has repeatedly held that there is no explicit or field preemption of state law regulation of matters implicating patents, state law may provide rights of action complimentary to a patent infringement claim. This is particularly true here in that regulation of conduct in the marketplace is a legitimate object of state law. *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*,

---

[1] Federal circuit precedent governs any determination as to whether federal patent law preempts a particular state law cause of action. *Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1358-59 (Fed. Cir. 1999).

24 F.3d 1368, 1373 (Fed. Cir. 1994) ("the law of unfair competition, despite federal encroachment, remains largely free from federal exclusivity"); *Ultra Precision*, 411 F.3d at 1334 ("state unfair competition law regulates conduct in a different field from federal patent law."); *Dow Chemical*, 139 F.3d at 1470 ("state law governs the maintenance of orderly contractual relations and this function is not preempted merely because patents and patent issues are not presented in the substance of those contracts").

A state law cause of action may be preempted on the grounds that it is in conflict with federal law where the "accomplishment and execution of the full purposes and objectives of Congress" will be frustrated by allowing a state law remedy. *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). There is conflict preemption where "it is impossible for a private party to comply with both state and federal requirements." *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963). As a general matter, state law conflicts with federal patent law only where it either attempts to offer "'patent-like protection' to discoveries unprotected under federal patent law," *Ultra Precision*, 411 F.3d at 1377, or attempts to impose liability for the exercise of patent rights under circumstances that are permissible under federal law. *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999).

### C. Under the Facts Pled in the Amended Complaint, Affording Knova Recovery Under State Law Would Not Conflict with Federal Patent Law

Each of the state law causes of action Knova asserts are grounded in InQuira's improper acts in the marketplace. Specifically, Knova contends that InQuira unfairly competed, interfered with prospective contractual relationships and was unjustly enriched by bidding against it in response to requests for systems it could not have delivered without infringing the '585 Patent. In asserting these causes of action, Knova seeks to recover any incremental benefits that InQuira might have obtained in addition to those directly resulting from its infringement of the '585 Patent.

9

There is simply nothing in these rights of action that is inconsistent with federal patent law. Knova is not seeking to obtain patent-like protection for discoveries or information not otherwise subject to protection under patent law as the infringement of the '585 is pled as an element of these claims. Conversely, Knova is not attempting to impose liability upon InQuira for engaging in conduct that is otherwise permissible under patent law. While infringement of the '585 Patent is an element of the state law causes of action, those claims focus on InQuira's unfair acts of competition. As is set forth previously, this is a legitimate object of state law regulation.

Indeed, in *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294 (Fed. Cir. 1999), the Federal Circuit held that a claim for tortious interference with plaintiff's prospective economic advantage under California law was not preempted by patent law. *Rodime*, 174 F.3d at 1306. It has also been held that unjust enrichment claims to recover incremental benefit a defendant obtained by reason of his wrongful or unfair competitive conduct are not preempted under the patent law. *University of Colorado Foundation v. American Cyanamid*, 342 F.3d at 1306-07 (state unjust enrichment claim to obtain incremental benefits from defendant's wrongful use of the embodiment of plaintiff's invention is not preempted); *Mass. Eye and Ear Infirmary v. OLT Phototherapeutics, Inc.*, 399 F.3d 360, 373-75 (1st Cir. 2005) (patent law did not preempt an unjust enrichment claims to recover unfair incremental benefits defendant obtained by persuading plaintiff to combine two discoveries into one patent application).

Moreover, each of Knova's state law claims contain elements in addition to those necessary to establish patent infringement. Patent law establishes that "a party infringes a patent when it 'makes, uses, offers to sell, or sells any patented invention, within the United States.'" *Ultra-Precision Mfg., Ltd.*, 411 F.3d at 1380 (quoting 35 U.S.C. § 271(a)). A claim for intentional interference with prospective economic relationships requires that a plaintiff "allege

10

an economic relationship between it and a third party that carries a probability of future economic benefit to the plaintiff, defendant's knowledge of the relationship, intentional acts by the defendant designed to disrupt the relationship, actual disruption of the relationship, and economic harm to the plaintiff proximately caused by the defendant's acts." *Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate Services, Inc.*, 42 Cal. Rptr. 3d 235, 239 (Cal. Ct. App. 2006) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937 (Cal. 2003)); *Lipson v. Anesthesia Services, P.A.*, 790 A.2d 1261, 1285 (Del. Super. 2001) (same) [2] Similarly, Knova must allege that InQuira engaged in an unfair business practice, "that is, a business practice that is immoral, unethical, oppressive, unscrupulous, or substantially injurious" in order to state a claim for unfair competition. *Rodime*, 174 F.3d at 1306 (citing *People v. Casa Blanca Convalescent Homes, Inc.*, 206 Cal. Rptr. 164, 177 (Cal. Ct. App. 1984)); *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1057 (Del. Super. 2001). In order to state a claim for unjust enrichment, Knova must prove InQuira's receipt of a benefit and unjust retention of the benefit at Knova's expense. *Hirsch v. Bank of America*, 132 Cal. Rptr. 2d 220, 225-26 (Cal. Ct. App. 2003) (citing *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881 (Cal. 2000); *Total Care Physicians*, 798 A.2d at 1056.

Knova does not dispute that there is a substantial overlap, as InQuira contends, between the damages it would be entitled to recover upon its infringement claims and its state law unfair competition claims. However, at this early stage of the proceedings, it cannot be determined whether Knova may be able to plead and prove damages recoverable under its state law claims that may not be recovered for infringement of the '585 Patent. As a result of unfairly bidding

---

[2] For purposes of this discussion, the elements of these causes of action do not appear to vary significantly among the states and therefore no conflicts of laws analysis is presented. In any event, it would appear that California or Delaware law would apply to these claims between two companies located in California and organized under Delaware law.

against Knova by promising to deliver a knowledge management system that infringes upon the '585 Patent, InQuira obtained contracts to provide a wide variety of services, some of which may not be "bundled" or deemed to result from its infringement of the '585 Patent. Further, to the extent InQuira may design around the '585 Patent, it may retain contracts it would never have obtained if it had not initially infringed this Patent. Furthermore, Knova's state law claims may afford Knova a right to punitive damages.

InQuira offers absolutely no support for the assertion that "if the fees attributable to the bundled services are not recoverable as damages sustained by InQuira's infringement, *then they are not recoverable at all*." (O.B. at p. 12) (emphasis in original). It does not cite to one case holding that a plaintiff may not assert state law unfair competition causes of action as a supplement to its patent infringement claims or even attempt to demonstrate how this would be inconsistent with the federal patent law scheme. InQuira cites to a statement in *Hunter Douglas* that "'[i]f a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy . . .,'" but takes this statement out of context. (O.B. at p. 6) (quoting *Hunter Douglas*, 153 F.3d at 1335). In *Hunter Douglas*, the plaintiff sought to impose liability upon a patent holder for supposedly misusing claimed patent rights. The Federal Circuit held that the plaintiff may not impose liability upon a patent holder under state law for using its patent in an manner that would not be actionable under federal law. This holding in no manner precludes a patent holder from recovering under state law, incremental damages arising from the infringement of a patent.

InQuira also cites *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999) for the proposition that that Knova's state law claims must be dismissed because it has not plead nor can it prove bad faith. (O.B. at p.5). As in *Hunter Douglas*, the plaintiff in *Zenith* alleged that a patent holder had misused its patent rights. The Court held that a state law cause of action

12

based upon this type of conduct was not preempted provided that the plaintiff proved that the patent holder acted in bad faith. *Zenith*, 182 F.3d at 1343, 1355. *See also Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367 (Fed. Cir. 2004) (cited in O.B. at p.10) (same). The Court engrafted the bad faith requirement because federal patent law provides that it is not impermissible to threaten the enforcement of a patent unless the patent holder obtained the patent through fraud on the PTO or otherwise was acting in bad faith.

In fact, *Zenith* and its progeny demonstrate the Federal Circuit's propensity to expand states' rights to regulate unfair and inequitable business practices. While federal patent law specifically occupies the field of a patentholder's authority to publicize its patent rights, 35 U.S.C. § 287, the Federal Circuit expanded an aggrieved party's right to seek redress by permitting a claim to proceed where the additional element of bad faith is alleged and ultimately proved.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that InQuira's Motion to Dismiss be denied.

Dated: October 13, 2006

                                    /s/ David A. Felice
                                  Sean J. Bellew (#4072)
                                  David A. Felice (#4090)
                                  Cozen O'Connor
                                  1201 North Market Street, Suite 1400
                                  Wilmington, DE  19801
                                  Telephone:  (302) 295-2000

OF COUNSEL:                        Facsimile:  (302) 295-2013
Robert W. Hayes
James H. Heller                         *Counsel for Plaintiffs, Knova Software, Inc.*
Cozen O'Connor                      *and Kanisa, Inc.*
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2000
Facsimile: (215) 665-2013

14

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on October 13, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>Thomas C. Grimm (#1098)
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899

>*/s/ David A. Felice*
>David A. Felice (#4090)
>Cozen O'Connor
>1201 North Market Street, Suite 1400
>Wilmington, DE 19801
>Telephone: (302) 295-2000
>Facsimile: (302) 295-2013
>E-mail: dfelice@cozen.com