IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KNOVA SOFTWARE, INC. and<br>KANISA, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 06-381 (JJF) |
| v. | )<br>) | |
| INQUIRA, INC., | )<br>) | |
| Defendant. | )<br>) | |

**DEFENDANT INQUIRA, INC.'S REPLY BRIEF IN SUPPORT OF ITS *SECOND*
MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS FOR
(1) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
RELATIONSHIPS, (2) UNJUST ENRICHMENT, AND
(3) UNFAIR COMPETITION AS PREEMPTED BY FEDERAL PATENT LAW**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Defendant InQuira, Inc.

OF COUNSEL:

Thomas J. Friel, Jr.
Grant P. Fondo
Matthew J. Brigham
Iain R. Cunningham
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

October 25, 2006

## TABLE OF CONTENTS

PAGE

I. SUMMARY OF ARGUMENT ..................................................................................2

II. ARGUMENT .............................................................................................................2

    A. Knova Offers No Support for its State Law Claims ....................................2

    B. Knova Seeks Prohibited "Patent-Like" Protection Under State Law .........7

    C. Every Federal Circuit Case Allowing State Law Claims to Proceed Has Identified At Least One Alleged Wrongful Act In Addition to Patent Infringement ................................................................................................8

III. CONCLUSION ........................................................................................................10

## TABLE OF AUTHORITIES

PAGE

CASES

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*
  489 U.S. 141 (1989)..................................................................................7

*CLI Corporation v. Ludowici USA*
  2001 WL 1734736 (W.D. Pa. Nov. 14, 2001) ..................................3, 4

*Dow Chemical Company v. Exxon Corporation*
  139 F.3d 1470 (Fed. Cir. 1998)..............................................3, 8, 9

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*
  362 F.3d 1367 (Fed. Cir. 2004)..............................................................9

*Hill v. City of Scranton*
  411 F.3d 118 (3d Cir. 2005)..................................................................10

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*
  153 F.3d 1318 (Fed. Cir. 1998)....................................................3, 4, 8, 9

*Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.*
  399 F.3d 360 (1st Cir. 2005)..................................................................10

*Rodime PLC v. Seagate Technology, Inc.*
  174 F.3d 1294 (Fed. Cir. 1999)..............................................................9

*Sears, Roebuck & Co. v. Stiffel Co.*
  376 U.S. 225 (1964)..................................................................................8

*Ultra-Precision Manufacturing v. Ford Motor Company*
  411 F.3d 1369 (Fed. Cir. 2005)....................................................5, 6, 7, 10

*University of Colorado Foundation, Inc. v. American Cyanamid Company*
  196 F.3d 1366 (Fed. Cir. 1999)....................................................5, 6, 7, 9

*University of Colorado Foundation, Inc. v. American Cyanamid Company*
  342 F.3d 1298 (Fed. Cir. 2003)..............................................................4, 9

*Zenith Electronics Corporation v. Exzec, Inc.*
  182 F.3d 1340 (Fed. Cir. 1999)..............................................................9

Defendant InQuira, Inc. ("InQuira") hereby submits its reply brief in support of its Second Motion to Dismiss the state law claims of Plaintiffs Knova Software, Inc. and Kanisa, Inc. (collectively "Knova") for (1) intentional interference with prospective economic relationships, (2) unjust enrichment, and (3) unfair competition.

## I. SUMMARY OF ARGUMENT

Knova again fails to make any allegation other than federal patent infringement. It provides no support for its assertion that the state law claims, as applied, would require Knova to prove additional elements beyond basic patent infringement. And Knova mistakenly asserts that it is entitled to an "incremental benefit" without alleging some additional wrongful act outside the scope of patent law.

Knova claims that it is not seeking "patent-like" protection under state law, yet nevertheless insists that state law remedies could offer more protection than federal remedies. This is precisely the state-law "patent-like" protection that is prohibited.

If Knova seeks a remedy for patent infringement, it must do so under federal law. Conversely, if Knova wishes to assert state law claims, it must allege something outside the scope of federal patent law. Every Federal Circuit case permitting similar state law claims requires additional allegations beyond patent infringement. Knova does not do so and, therefore, its state law claims are preempted.

## II. ARGUMENT

### A. Knova Offers No Support For Its State Law Claims

In its opposition, Knova repeatedly states that InQuira has "unfairly competed," has "intentionally interfered," and has been "unjustly enriched." Yet Knova offers no details whatsoever as to what exactly InQuira has done except for allegedly infringe U.S. Patent

2.

No. 6,711,585 ("the '585 patent"). The Federal Circuit's proscription against utilizing state law torts to remedy patent infringement is black-letter law: "***If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law.***" *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998) (emphasis added). Yet Knova writes only that this statement is "take[n] out of context." (D.I. 17 at 12.) It is not.

The statement is a reaffirmation of the Federal Circuit's decision in *Dow Chemical Company v. Exxon Corporation*, 139 F.3d 1470 (Fed. Cir. 1998), and is cited and relied upon by numerous cases – including cases Knova cites in rebuttal – analyzing federal patent preemption of state law tort claims. *Hunter Douglas* is further cited and relied upon by the court in *CLI Corporation v. Ludowici USA*, 2001 WL 1734736 (W.D. Pa. Nov. 14, 2001), in a memorandum order dismissing a tortious interference claim as preempted by federal patent law in a case similar to this one. *Id.* at *1. The Federal Circuit's statement in *Hunter Douglas* is a description of basic federal preemption.

Knova may not avoid federal preemption by simply reciting the language of the state law claims and asserting that the claims contain additional elements. (D.I. 17 at 10-11.) Knova's Complaint clearly states that it intends to prove each of the unfair competition, tortious interference, and unjust enrichment claims by reference only to InQuira's alleged patent infringement. (*See* D.I. 11 (Amended Complaint) at ¶¶ 49-55, 56-60, 62-67; *see also* D.I. 12 (InQuira's Opening Brief) at 6-8.) There are no additional allegations to be proven, and no wrongful acts alleged other than patent infringement. As the federal court for the Western District of Pennsylvania reasoned, "[i]f defendant did not breach the patent, it was justified in marketing its products. Thus, the state tort claim is based on the same conduct that is governed

3.

by federal patent law." *Ludowici*, 2001 WL 1734736 at *1. Accordingly, there is no need for discovery – as Knova suggests is necessary – to conclude that the state law claims are preempted.

Instead of supporting its state law tort claims with additional allegations (which presumably have no support), Knova's argument appears to be that some Federal Circuit decisions *have* allowed state court unfair competition, intentional interference, and unjust enrichment claims. (D.I. 17 at 10.) Knova does not acknowledge that, in every instance, those cases have explicitly identified the extra allegations (and therefore elements) that save the state torts from federal preemption. *See* section C, *infra*. InQuira recognizes that the federal patent laws do not preempt *all* state law unfair competition, tortious interference, and unjust enrichment claims, but the patent laws do preempt those claims that rest only on allegations of patent infringement. *See Hunter Douglas*, 153 F.3d at 1333-35 (discussing field versus conflict preemption).

Knova further attempts to avoid federal preemption by stating that it is seeking only the "incremental benefits that InQuira might have obtained in addition to those directly resulting from its infringement of the '585 Patent." (D.I. 17 at 9.) Knova appears to be referencing a Federal Circuit decision that briefly discusses the concept of an "incremental benefit." *See University of Colorado Foundation, Inc. v. American Cyanamid Company*, 342 F.3d 1298, 1307 (Fed. Cir. 2003). Knova fails to understand that an "incremental benefit" must actually be based upon a wrongful act that is outside the scope of federal patent law.

The Federal Circuit's use of the term "incremental benefits" refers to the damages resulting from a state-law wrongful act that is outside the scope of federal patent law. In 1999, the Federal Circuit determined that a plaintiff's claim for unjust enrichment was not preempted

by federal patent law where the defendants had breached a confidential relationship, copied research results, and fraudulently submitted the results to the U.S. Patent Office to obtain a patent without the knowledge of the true inventors. *University of Colorado Foundation, Inc. v. American Cyanamid Company*, 196 F.3d 1366, 1371-72 (Fed. Cir. 1999) (hereinafter "*Cyanamid IV*"). Subsequently, "[t]he district court's unjust enrichment remedy was specifically limited to the *incremental profits* Cyanamid wrongfully made by obtaining the '634 patent and did not encompass *total profits* Cyanamid made by selling a product incorporating the [inventors'] invention." *University of Colorado Foundation, Inc. v. American Cyanamid Company*, 342 F.3d 1298, 1307 (Fed. Cir. 2003) (emphasis added) (hereinafter "*Cyanamid V*"). Thus, only the profit directly attributable to the *wrongful acquisition* of the patent (the incremental profit) was compensable because the defendant could have *rightfully* acquired the patent and still profited. *See University of Colorado Foundation, Inc. v. American Cyanamid Company*, 153 F. Supp. 2d 1231, 1241 (D. Colo. 2001).

In *Cyanamid V*, the Federal Circuit considered whether the monetary damages that plaintiffs were awarded for the unjust enrichment claim impermissibly conferred patent-like protection. *Cyanamid V*, 342 F.3d at 1305. The Federal Circuit reaffirmed its holding in *Cyanamid IV* that the unjust enrichment claim was not premised on patent infringement: "The right involved here and compensated for under a theory of unjust enrichment, however, is not 'patent-like' at all. As we explained in *Cyanamid IV*, 'the unjust enrichment claim springs not from an attempt to enforce intellectual property rights, but instead from Cyanamid's alleged wrongful use of the Doctors' research results.'" *Id.* at 1306 (citing *Cyanamid IV*, 196 F.3d at 1371-72). The Federal Circuit concluded that the monetary damages did not confer patent-like protection specifically because the compensation was not based on the total profit obtained by

5.

selling the patented invention; rather, the compensation was based only on the *incremental profit* obtained by the wrongful acquisition. *Id.* at 1306-07. Thus, the limitation of damages to "incremental profits" saved the unjust enrichment claim from preemption **because those were the damages specifically resulting from the wrongful act that was outside the scope of federal patent law.**

The Federal Circuit's decision in *Ultra-Precision Manufacturing v. Ford Motor Co.* is instructive. 411 F.3d 1369, 1379 (Fed. Cir. 2005). In *Ultra-Precision*, the plaintiffs claimed unjust enrichment even though they had already disclosed (but not claimed) an aspect of their invention in a patent. *See id.* at 1372-73, 1375 (referencing ideas disclosed in the patent but not claimed). Plaintiffs insisted on a monetary remedy for their unjust enrichment claim that was equal to the money defendants had saved by using the invention. *Id.* at 1377. But because plaintiffs had already disclosed and not claimed that aspect of their invention, they could allege no wrongful act by defendants in using the invention and therefore no "incremental benefit" that defendants had obtained as a result of the wrongful act. *Id.* at 1379-80. With no incremental benefit because there was no wrongful act, plaintiff's claim for unjust enrichment was preempted. *Id.* at 1382.

In both *Cyanamid V* and *Ultra-Precision*, the Federal Circuit's reference to "incremental benefits" or "incremental profits" presupposes the existence of an additional wrongful act outside the scope of patent law that has "incrementally" benefited the defendant. If there is no wrongful act outside the scope of patent law, there is no wrongful incremental benefit that needs a remedy. *Ultra-Precision*, 411 F.3d at 1379-80. This is the flaw in Knova's claim to an "incremental benefit." If Knova could allege that InQuira has committed some wrongful act outside the scope of patent infringement, then the incremental benefit to Knova would be an

appropriate remedy. However, because Knova has asserted nothing other than patent infringement, Knova is limited, as is every other patent plaintiff, to the federal remedies for patent infringement.

**B.  Knova Seeks Prohibited "Patent-Like" Protection Under State Law**

In addition to Knova's failure to allege any wrongful acts outside the scope of patent law, Knova is prohibited from using state law remedies to obtain patent-like protection. It is clear that "States may not offer patent-like protection to intellectual creations which would otherwise remain unprotected as a matter of federal law." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156 (1989). Yet Knova insists that it "may be able to plead and prove damages recoverable under its state law claims *that may not be recovered for infringement of the '585 patent.*" (D.I. 17 at 11 (emphasis added).) Knova thus seeks to use state law claims to capture damages that would not be available to it under federal law. Knova is therefore seeking state-law "patent-like" protection.

Knova fails to acknowledge that both the U.S. Supreme Court and the Federal Circuit have expressly prohibited the use of state laws to remedy behavior governed by federal patent law. In *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964), the Supreme Court preempted an Illinois unfair competition law: "Just as a State cannot encroach upon the federal patent laws directly, it cannot, under some other law, such as that forbidding unfair competition, give protection of a kind that clashes with the objectives of the federal patent laws." 376 U.S. at 231. The Federal Circuit's decision in *Hunter Douglas, Inc. v. Harmonic Design, Inc.* summarized the Supreme Court's precedent: "In *Dow Chemical*, we understood the Supreme Court precedent to preempt state laws that 'seek to offer patent-like protection to intellectual

7.

property inconsistent with the federal scheme.'" 153 F.3d 1318, 1333 (Fed. Cir. 1998) (citing *Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470, 1475 (Fed. Cir. 1998)).

Knova argues that there is no support for the proposition that it is limited to the federal remedies or that its state law remedies would be inconsistent with the federal scheme. (D.I. 17 at 12.) However, by asserting that state law may give it *additional* protections beyond federal patent law (*see* D.I. 17 at 11-12), Knova is seeking protection inconsistent with the federal scheme. As set out in InQuira's Opening Brief, Knova cannot be permitted to circumvent the detailed standards for recovery under the patent laws by simply claiming additional damages under state law. For example, federal law governs what types of damages and remedies are available to a plaintiff based on acts of patent infringement. (D.I. 12 at 10-11.) If Knova were to thwart these standards by simply obtaining the damages under state law, Knova would be obtaining prohibited state-law patent-like protection.

### C. Every Federal Circuit Case Allowing State Law Claims To Proceed Has Identified At Least One Alleged Wrongful Act *In Addition To* Patent Infringement

Every federal-preemption case cited by the parties supports the proposition that Knova may not use state law to remedy basic patent infringement. Every case applies *Dow Chemical*'s basic rule that state law claims must "include[] additional elements not found in the federal patent law cause of action." *Dow Chemical*, 139 F.3d at 1473. Every case also explicitly identifies the additional element (or lack thereof) that determines whether the claim is preempted.

In *Dow Chemical* (1998) and *Globetrotter Software, Inc. v. Elan Computer Group, Inc.* (2004), the Federal Circuit identified baseless infringement threats as the additional wrongful act that saved the unfair competition/intentional interference claim from federal preemption. *Dow Chemical*, 139 F.3d at 1477; *Globetrotter*, 362 F.3d at 1367.

In *Hunter Douglas* (1998), the Federal Circuit remanded for further determination on the additional elements of alleged fraud or bad faith. 153 F.3d at 1337.

In *Rodime PLC v. Seagate Technology, Inc.* (1999), the Federal Circuit identified efforts to dissuade other companies from taking a license as the additional wrongful act saving the state law tortious interference claim from preemption. 174 F.3d at 1306.

In *Zenith Electronics Corporation v. Exzec, Inc.* (1999), the Federal Circuit again identified bad faith as the additional element that must distinguish a federal unfair trade claim (pursuant to § 43(a) of the Lanham Act) from basic patent infringement. 182 F.3d at 1353.

In *Cyanamid IV* (1999), the Federal Circuit identified the acts of breaching a confidential relationship, copying research results, and concealing a patent application from the true inventors as the additional wrongful acts that saved the unjust enrichment claim from preemption. 196 F.3d at 1371-72.

In *Cyanamid V* (2003), the Federal Circuit again identified the defendant's wrongful use of research results as the actions upon which the unfair competition claim was based. 342 F.3d at 1306.

In *Ultra-Precision* (2005), the Federal Circuit held that an unjust enrichment claim was preempted because the plaintiff did not allege additional elements such as a confidential relationship or trade secret protection. 411 F.3d at 1380.

Finally, in *Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.* (2005), the First Circuit identified improper inducement, denial of fair compensation, and misuse of confidential information as the wrongful acts upon which the unjust enrichment claim was based. 399 F.3d at 375.

Thus, every federal-preemption case cited by the parties identifies the wrongful act outside the scope of patent law (or lack thereof) that determines whether the state law claim is preempted. Accordingly, Knova has no support for its position.

### III.   CONCLUSION

Despite repeated opportunities, Knova has made no allegations other than basic patent infringement. Knova's Original Complaint, its Amended Complaint, and its Answering Brief make clear that it intends to rely solely on the alleged wrongful act of patent infringement as the basis for its unfair competition, tortious interference, and unjust enrichment claims. Because there is no difference between Knova's patent infringement and state law allegations, Knova is prohibited from utilizing state law to remedy federal patent infringement. Thus, Knova's state law claims are preempted.

If Knova could have alleged facts and made claims outside the scope of patent law, they would have (and should have) made those claims. Consequently, any subsequent attempt to maintain the state law claims will be futile. *See Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005) (affirming district court's denial of leave to amend on the basis that such amendment would be futile). Accordingly, Knova's state law claims should be dismissed without leave to amend.

                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                          */s/ Rodger D. Smith II*
                          Thomas C. Grimm (#1098)
                          Rodger D. Smith II (#3778)
                          1201 N. Market Street
                          P.O. Box 1347
                          Wilmington, DE  19899
                          (302) 658-9200
                          Attorneys for Defendant InQuira, Inc.

OF COUNSEL:

Thomas J. Friel, Jr.
Grant P. Fondo
Matthew J. Brigham
Iain R. Cunningham
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

October 25, 2006

543115

11.

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on October 25, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Sean J. Bellew, Esquire
>COZEN O'CONNOR

I also certify that copies were caused to be served on October 25, 2006 upon the following in the manner indicated:

**BY HAND**

>Sean J. Bellew, Esquire
>Cozen O'Connor
>1201 N. Market Street
>Suite 1400
>Wilmington, DE 19801

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>Wilmington, DE 19801
>(302) 658-9200
>rsmith@mnat.com