IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KNOVA SOFTWARE, INC., and          :
KANISA, INC.,                      :
                                   :
            Plaintiffs,            :
                                   :
    v.                             :   Civil Action No. 06-381-JJF
                                   :
INQUIRA, INC.,                     :
                                   :
            Defendant.             :

---

Robert W. Hayes, Esquire and James H. Heller, Esquire of COZEN
O'CONNOR, Philadelphia, Pennsylvania.
David A. Felice, Esquire and Sean J. Bellew, Esquire of COZEN
O'CONNOR, Wilmington, Delaware.

Attorneys for Plaintiffs.

Thomas J. Friel, Jr., Esquire, Grant P. Fondo, Esquire, Matthew
J. Brigham, Esquire, and Iain R. Cunningham, Esquire of COOLEY
GODWARD LLP, Palo Alto, California.
Rodger D. Smith II, Esquire and Thomas C. Grimm, Esquire of
MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

April 27, 2007
Wilmington, Delaware

*Joseph J Farnan Jr.*
**Farnan, District Judge**

Pending before the Court is Defendant's Second Motion To Dismiss Plaintiffs' State Law Claims For 1) Intentional Interference With Prospective Economic Relationships, 2) Unjust Enrichment, And 3) Unfair Competition As Preempted By Federal Law (D.I. 12). For the reasons discussed, the Motion will be granted with respect to Plaintiffs' claims for intentional interference with prospective economic relationships and unfair competition, and denied with respect to Plaintiffs' claim for unjust enrichment.

## I.   BACKGROUND

Plaintiff Knova Software, Inc. ("Knova") is incorporated under Delaware law with its headquarters in California. Plaintiff Kanisa, Inc. ("Kanisa") is a wholly-owned subsidiary of Knova with its headquarters in Pennsylvania. Defendant Inquira, Inc. ("Inquira") is also incorporated under Delaware law with its headquarters in California. According to Plaintiffs, Defendant is one of its primary competitors in marketing and selling knowledge management systems for customer relations management ("CRM") and service resolution management ("SRM").

On June 9, 2006, Plaintiffs filed this action alleging infringement of U.S. Patent No. 6,711,585 ("the '585 patent") which relates to software applications for CRM and SRM. Plaintiffs also allege three state law claims against Defendant:

1

1) intentional interference with prospective economic relationships; 2) unjust enrichment; and 3) unfair competition.

On August 3, 2006, Defendant filed its First Motion To Dismiss Plaintiffs' state law claims (D.I. 9). In response, Plaintiffs filed an Amended Complaint. Defendant then filed the instant Second Motion To Dismiss Plaintiffs' state law claims (D.I. 12). Accordingly, the Court denied the First Motion To Dismiss as moot (D.I. 20).

## II. PARTIES' CONTENTIONS

Defendant filed its Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. By its Motion, Defendant contends that Plaintiffs' state law claims should be dismissed with prejudice because they rely solely on allegations of patent infringement and thus, are preempted by federal patent law. In response, Plaintiffs contend that its state law causes of action are not preempted by federal patent law, but rather, complement its patent infringement claims. Plaintiffs further contend that the determination cannot be made at this early stage of proceedings whether the damages it alleges with respect to its state law claims are recoverable under its patent infringement claims.

## III. LEGAL STANDARD

When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all

reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The burden of demonstrating that a party has failed to state a claim upon which relief may be granted rests on the movant.

## IV. DISCUSSION

The Federal Circuit has generally recognized preemption of state law claims by federal patent law where the state laws "seek to offer patent-like protection to intellectual property inconsistent with the federal scheme." Dow Chemical Co. v. Exxon Corp., 139 F.3d 1470, 1475 (Fed. Cir. 1998). In order to determine whether federal patent law preempts state law tort claims, the inquiry focuses on the conduct on which the action is based. Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1335 (Fed. Cir. 1998). If such conduct is protected or governed by federal patent law, the state tort cause of action is preempted. Id. In this regard, the Federal Circuit counsels that a "state law tort claim is not preempted by federal patent law . . . provided the state law cause of action includes additional elements not found in the federal patent law cause of action . . . ." Dow Chemical Co., 139 F.3d at 1473.

3

>   A.  Whether Plaintiffs' Claim For Intentional Interference With Prospective Economic Relationships Is Preempted By Federal Patent Law

In Dow, the Federal Circuit concluded that a claim for intentional interference with prospective contractual relations based on the patentholder's bad faith conduct was not preempted by federal patent law where it required "entirely different elements from the defense of inequitable conduct." Id. at 1479. Stated another way, the Federal Circuit focused its inquiry on the conduct for which the plaintiff sought relief and determined it was not protected or governed by federal patent law. Id.

In contrast, in the instant action, the Court concludes that the conduct for which Plaintiffs seek relief is patent infringement, governed by federal patent law. By their Amended Complaint, Plaintiffs allege that Defendant knowingly and wilfully interfered with Plaintiffs' expectancy of economic benefit by selling infringing software systems. Plaintiffs contend that their state law claims contain elements in addition to those necessary to establish patent infringement. Although this may be the case, the Court concludes that Plaintiffs' allegations rest solely on the conduct of patent infringement. Plaintiffs have not alleged any facts to establish that Defendant has acted intentionally or in bad faith to disrupt an economic relationship between Plaintiffs and its customers beyond facts that support their claims of patent infringement. Plaintiffs

4

further contend that they may be able to plead and prove damages recoverable under their state law claims that are not recoverable under their infringement claims including damages related to Defendant's alleged sale of "bundled services" and punitive damages. However, as the Federal Circuit counseled in <u>Hunter Douglas</u>, the inquiry must be focused on the conduct of the defendant, not remedies that may be available to plaintiffs. 153 F.3d at 1335. In this case, the Court concludes that the conduct on which Plaintiffs base their state law claims is patent infringement and those claims are governed by federal patent law. Thus, construing the Complaint in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs' allegations are not sufficient to establish a state law claim that is not preempted by federal patent law. Accordingly, the Court will grant Defendant's Motion with respect to this claim.

    B.   <u>Whether Plaintiffs' Claim For Unfair Competition Is Preempted By Federal Patent Law</u>

The Court concludes that Plaintiffs' unfair competition claim is also preempted by federal patent law. Similar to the discussion above, Plaintiffs have not alleged any conduct in support of the state law claim beyond the acts alleged in support of their patent infringement claims. Specifically, Plaintiffs do not allege any bad faith conduct by Defendant nor any elements in addition to those establishing patent infringement. Thus, the Court concludes that the claim is distinguishable from cases in

5

which the Federal Circuit found that state law tort claims were not preempted because bad faith was alleged.[1] Accordingly, the Court concludes that Plaintiffs' claim for unfair competition is preempted by federal patent law, and therefore, will grant Defendant's Motion with respect to this claim.

C.  Whether Plaintiffs' Claim For Unjust Enrichment Is Preempted By Federal Patent Law

With respect to the claim for unjust enrichment, Plaintiffs' Amended Complaint alleges that Defendant bundles its infringing software with other services, such as maintenance and support, in order to procure contracts in competition with Plaintiffs. Specifically, Plaintiffs allege that Defendant received additional fees attributable to the bundled services because it utilized the infringing technology as part of the package. The Federal Circuit has held that an unjust enrichment claim is not preempted by federal patent law where an incremental benefit is alleged to be conferred on the wrongdoer, beyond the typical damages recoverable under patent law. Ultra-Precision Mfg. v. Ford Motor Co., 411 F.3d 1369, 1377-78 (Fed. Cir. 2005). In this

---

[1] See Dow Chemical Co., 139 F.3d 1470; Hunter Douglas, Inc., 153 F.3d 1318 (remanding to the district court to determine whether the conduct alleged in the complaint constituted bad faith or fraud sufficient to establish an allowable state law claim); Zenith Electronics Corp. v. Exzec, Inc., 182 F.3d 1340 (Fed. Cir. 1999) (holding that the state law unfair competition claims were not barred by federal patent law and acknowledging the requirement that a patentee allege bad faith for a tort claim against a competitor).

case, the Court concludes that it is unclear from the face of Plaintiffs' Amended Complaint whether the incremental benefit alleged to have been conferred by Defendant's sale of bundled services is more than an attempt to obtain a patent-like remedy for making, using, or selling a patented product. Thus, at this juncture, the Court concludes that Defendant's Motion with respect to Plaintiffs' unjust enrichment claim must be denied; however, the Court will stay discovery on this issue and allow Defendant to renew the Motion at the close of discovery. Accordingly, the Court will deny Defendant's Motion To Dismiss with respect to the unjust enrichment claim.

## V.   CONCLUSION

For the reasons discussed, the Court will grant Defendant's Motion To Dismiss (D.I. 12) with respect to Count III (intentional interference with prospective economic relationships) and Count V (unfair competition) of Plaintiffs' Amended Complaint; and deny the Motion with respect to Count IV (unjust enrichment).

An appropriate Order will be entered.