IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KNOVA SOFTWARE, INC. and KANISA, INC., | ) ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, | ) ) ) | C.A. No. 06-381 (JJF) |
| v. | ) ) ) | **DEMAND FOR JURY TRIAL** |
| INQUIRA, INC., | ) ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) ) | |

### DEFENDANT INQUIRA, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFFS KNOVA SOFTWARE, INC. AND KANISA, INC.

Defendant InQuira, Inc. ("InQuira"), by and through its undersigned counsel, hereby answers and counterclaims against Knova Software, Inc. ("Knova") and Kanisa, Inc. ("Kanisa") (collectively "Plaintiffs"). InQuira explicitly reserves the right to renew its motion to dismiss Plaintiffs' claim for unjust enrichment in accordance with the Court's April 27, 2007 Order (D.I. 22). InQuira is not intending to waive any such defenses by answering Plaintiffs' allegations.

### THE PARTIES

1.      Defendant admits all allegations in paragraph 1 of the Amended Complaint.

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and on that basis denies each allegation contained therein.

3.    Defendant admits that Kanisa is a corporation organized, incorporated, and existing under the laws of the State of Delaware, with a principal place of business located in Pittsburgh, Pennsylvania.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Amended Complaint, and on that basis denies each remaining allegation contained therein.

4.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, and on that basis denies each remaining allegation contained therein.

5.    Defendant admits all allegations in paragraph 5 of the Amended Complaint.

6.    Defendant admits that, among other things, it develops and markets natural-language processing and information retrieval software that analyzes user questions and then finds and returns corresponding data for use in CRM and SRM.  Defendant also admits that it has in the past directly competed with Knova for certain customers.  Defendant denies each remaining allegation in paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7.    Defendant admits that this Court has jurisdiction over counts I, II, and VI (Patent Infringement, Inducement to Infringe, and Declaratory Judgment) pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.  Defendant denies that this Court has subject matter jurisdiction over counts III, IV, and V (Intentional Interference with Plaintiffs' Prospective Economic Relationships, Unjust Enrichment, and Unfair Competition).  Defendant filed a Motion to Dismiss counts III, IV, and V on September 5, 2006 (D.I. 12) based on federal preemption, and the Court granted that motion with respect to counts III and V (D.I. 22).  The

Court has stayed discovery on count IV (unjust enrichment) and permitted Defendant to renew the Motion to Dismiss with respect to count IV at the close of discovery (D.I. 22).

8.      Defendant admits that venue is proper in this district.

### FACTS COMMON TO ALL COUNTS

9.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

10.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

11.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

12.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

13.      Defendant admits that many companies have sought to automate and/or use automation to support their CRM and SRM functions.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Amended Complaint, and on that basis denies each remaining allegation contained therein.

14.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

15.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

16.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

18.    Defendant admits that United States Patent No. 6,711,585 ("the '585 Patent") indicates on its face a filing date of June 15, 2000.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Amended Complaint, and on that basis denies each remaining allegation contained therein.

19.    Defendant admits that the '585 Patent indicates on its face an issue date of March 23, 2004, and that a copy of the '585 Patent was attached to the Amended Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Amended Complaint, and on that basis denies each remaining allegation contained therein.

20.    Defendant admits that the '585 Patent indicates on its face that it is assigned to Kanisa, Inc.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Amended Complaint, and on that basis denies each remaining allegation contained therein.

21.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

22.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

23.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

24.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

25.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint, and on that basis denies each and every allegation contained therein.

26.    Defendant admits that InQuira has in the past directly competed with Knova for certain customers.  Defendant denies each remaining allegation in paragraph 26 of the Amended Complaint.

27.	Defendant denies all allegations in paragraph 27 of the Amended Complaint.

28.	Defendant denies all allegations in paragraph 28 of the Amended Complaint.

29.	Defendant denies all allegations in paragraph 29 of the Amended Complaint.

30.	Defendant denies all allegations in paragraph 30 of the Amended Complaint.

31.	Defendant admits that it offers services that complement its software products.  Defendant denies each remaining allegation contained in paragraph 31 of the Amended Complaint.

32.	Defendant denies all allegations in paragraph 32 of the Amended Complaint.

33.	Defendant denies all allegations in paragraph 33 of the Amended Complaint.

34.	Defendant admits that it received written correspondence from Plaintiffs relating to the '585 Patent.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Amended Complaint, and on that basis denies each remaining allegation contained therein.

35.	Defendant denies all allegations in paragraph 35 of the Amended Complaint.

## COUNT I – PATENT INFRINGEMENT

36.     Defendant incorporates by reference its admissions and denials in the foregoing paragraphs.

37.     Defendant denies all allegations in paragraph 37 of the Amended Complaint.

38.     Defendant denies all allegations in paragraph 38 of the Amended Complaint.

39.     Defendant denies all allegations in paragraph 39 of the Amended Complaint.

40.     Defendant denies all allegations in paragraph 40 of the Amended Complaint.

41.     Defendant denies all allegations in paragraph 41 of the Amended Complaint.

## COUNT II – INDUCEMENT TO INFRINGE PATENT

42.     Defendant incorporates by reference its admissions and denials in the foregoing paragraphs.

43.     Defendant denies all allegations in paragraph 43 of the Amended Complaint.

44.     Defendant denies all allegations in paragraph 44 of the Amended Complaint.

45.     Defendant denies all allegations in paragraph 45 of the Amended Complaint.

46.     Defendant denies all allegations in paragraph 46 of the Amended Complaint.

47.     Defendant denies all allegations in paragraph 47 of the Amended Complaint.

### COUNT III – INTENTIONAL INTERFERENCE WITH PLAINTIFFS' PROSPECTIVE ECONOMIC RELATIONSHIPS[1]

48.     Defendant incorporates by reference its admissions and denials in the foregoing paragraphs.

49.     The Court has granted Defendant's motion to dismiss count III of the Amended Complaint.  To the extent an answer to paragraph 49 of the Amended Complaint is necessary, Defendant denies all allegations therein.

50.     The Court has granted Defendant's motion to dismiss count III of the Amended Complaint.  To the extent an answer to paragraph 50 of the Amended Complaint is necessary, Defendant denies all allegations therein.

51.     The Court has granted Defendant's motion to dismiss count III of the Amended Complaint.  To the extent an answer to paragraph 51 of the Amended Complaint is necessary, Defendant denies all allegations therein.

52.     The Court has granted Defendant's motion to dismiss count III of the Amended Complaint.  To the extent an answer to paragraph 52 of the Amended Complaint is necessary, Defendant denies all allegations therein.

---

[1]     On April 27, 2007, the Court granted Defendant's Motion to Dismiss count III as preempted by federal patent law (D.I. 22).  Defendant will respond to these allegations only because they are purportedly incorporated by reference into counts IV and VI.

53.     The Court has granted Defendant's motion to dismiss count III of the Amended Complaint.  To the extent an answer to paragraph 53 of the Amended Complaint is necessary, Defendant denies all allegations therein.

54.     The Court has granted Defendant's motion to dismiss count III of the Amended Complaint.  To the extent an answer to paragraph 54 of the Amended Complaint is necessary, Defendant denies all allegations therein.

55.     The Court has granted Defendant's motion to dismiss count III of the Amended Complaint.  To the extent an answer to paragraph 55 of the Amended Complaint is necessary, Defendant denies all allegations therein.

## COUNT IV – UNJUST ENRICHMENT[2]

56.     Defendant incorporates by reference its admissions and denials in the foregoing paragraphs.

57.     Defendant continues to assert that count IV is preempted by federal patent law and should be dismissed with prejudice.  Defendant denies all allegations in paragraph 57 of the Amended Complaint.

58.     Defendant continues to assert that count IV is preempted by federal patent law and should be dismissed with prejudice.  Defendant denies all allegations in paragraph 58 of the Amended Complaint.

59.     Defendant continues to assert that count IV is preempted by federal patent law and should be dismissed with prejudice.  Defendant denies all allegations in paragraph 59 of the Amended Complaint.

---

[2]     On April 27, 2007, the Court stayed all discovery with respect to count IV of the Amended Complaint and permitted Defendant to renew its Motion to Dismiss at the close of discovery (D.I. 22).  Defendant's responses to the allegations in paragraphs 56-61 shall not be construed as waiving its right to renew said Motion to Dismiss.

60.     Defendant continues to assert that count IV is preempted by federal patent law and should be dismissed with prejudice.  Defendant denies all allegations in paragraph 60 of the Amended Complaint.

61.     Defendant continues to assert that count IV is preempted by federal patent law and should be dismissed with prejudice.  Defendant denies all allegations in paragraph 61 of the Amended Complaint.

### COUNT V – UNFAIR COMPETITION[3]

62.     Defendant incorporates by reference its admissions and denials in the foregoing paragraphs.

63.     The Court has granted Defendant's motion to dismiss count V of the Amended Complaint.  To the extent an answer to paragraph 63 of the Amended Complaint is necessary, Defendant denies all allegations therein.

64.     The Court has granted Defendant's motion to dismiss count V of the Amended Complaint.  To the extent an answer to paragraph 64 of the Amended Complaint is necessary, Defendant denies all allegations therein.

65.     The Court has granted Defendant's motion to dismiss count V of the Amended Complaint.  To the extent an answer to paragraph 65 of the Amended Complaint is necessary, Defendant denies all allegations therein.

66.     The Court has granted Defendant's motion to dismiss count V of the Amended Complaint.  To the extent an answer to paragraph 66 of the Amended Complaint is necessary, Defendant denies all allegations therein.

---

[3]     On April 27, 2007, the Court granted Defendant's Motion to Dismiss count V as preempted by federal patent law (D.I. 22).  Defendant will respond to these allegations only because they are purportedly incorporated by reference into count VI.

67.    The Court has granted Defendant's motion to dismiss count V of the Amended Complaint.  To the extent an answer to paragraph 67 of the Amended Complaint is necessary, Defendant denies all allegations therein.

### COUNT VI – DECLARATORY JUDGMENT CLAIM PURSUANT TO 28 U.S.C. § 2201

68.    Defendant incorporates by reference its admissions and denials in the foregoing paragraphs.

69.    Defendant admits all allegations in paragraph 69 of the Amended Complaint.

70.    Defendant denies all allegations in paragraph 70 of the Amended Complaint.

71.    Defendant denies all allegations in paragraph 71 of the Amended Complaint.

72.    Defendant denies all allegations in paragraph 72 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, InQuira alleges the following:

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CAUSE OF ACTION

73.    Count IV of Plaintiffs' Amended Complaint (Unjust Enrichment) fails to state facts sufficient to constitute a cause of action upon which relief may be granted.  The count is preempted by federal patent law, and InQuira reserves the right to renew its motion to dismiss count IV after the close of discovery.

## SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

74.    InQuira has not infringed, whether directly, contributorily, or by inducement, and is not now infringing, whether directly, contributorily, or by inducement, any claim of the '585 Patent.

## THIRD AFFIRMATIVE DEFENSE – INVALIDITY

75.    One or more of the claims of the '585 Patent are invalid for failure to satisfy the conditions of patentability set forth in Title 35 of the United States Code.

## FOURTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

76.    In early April 2005, InQuira and Plaintiffs were knowingly competing for an important and valuable contract with a customer.  In support of its efforts to obtain the contract, InQuira submitted to the customer a highly confidential response to a request for proposal ("InQuira's Response to RFP").  InQuira's Response to RFP, labeled confidential, contained InQuira's highly confidential trade secrets, which it confidentially shared with the customer as part of InQuira's efforts to obtain the contract with the customer.  Responses to requests for proposals are common in the software industry, and it is well known by individuals in this industry that such responses contain confidential, proprietary information.

77.    On information and belief, in early April 2005, Plaintiffs' sales and engineering employees obtained access to InQuira's Response to RFP while demonstrating a search application on the customer's data.  Plaintiffs' employees discovered InQuira's Response to RFP on the customer's system and knowingly reviewed and copied the document, which was clearly identified as InQuira's Response to RFP.  Plaintiffs' employees witnessed the review and copying of InQuira's Response to RFP.

78.    Upon information and belief, the Knova employees present at the April 2005 meeting knew that they were involved in a competitive bidding process with InQuira, knew that InQuira's RFP was confidential – and indeed that all Requests for Proposals in the industry are strictly confidential – and sought the InQuira Response to RFP to obtain an improper competitive advantage over InQuira.

79.    Knova, and its agents and employees, knowingly accessed and misappropriated InQuira's trade secrets for the purpose of unfairly competing with InQuira. Now, Knova makes hypocritical, baseless allegations against InQuira and petitions this Court for equitable relief.    Knova has flouted the principles of fair competition and purposefully and illegally sought unfair advantages over InQuira in the marketplace.    Accordingly, each and every cause of action is barred due to unclean hands.

### FIFTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

80.    InQuira is informed and believes, and based upon said belief alleges, that Plaintiffs are barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

### SIXTH AFFIRMATIVE DEFENSE – LACHES, ESTOPPEL, AND WAIVER

81.    InQuira is informed and believes, and based upon said belief alleges, that Plaintiffs are barred or limited from recovery in whole or in part by the doctrines of laches, waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE – FAILURE TO MARK

82.    InQuira is informed and believes, and based upon said belief alleges, that Plaintiffs are barred or limited from recovery in whole or in part because Plaintiffs have failed to

mark commercial embodiments of the patented product in accordance with the provisions of Title 35 of the United States Code.

### EIGHTH AFFIRMATIVE DEFENSE – LACK OF STANDING

83.    Based on Plaintiffs' allegations, Plaintiff Kanisa, Inc. does not have any rights, title, or interest in the '585 Patent and thus lacks standing to bring Counts I, II, and VI.

### COUNTERCLAIM

Defendant InQuira asserts the following counterclaims against Plaintiffs Knova Software, Inc. and Kanisa, Inc.:

### THE PARTIES

84.    Defendant and Counterclaim-plaintiff InQuira is a corporation organized, incorporated, and existing under the laws of the State of Delaware, with its principal place of business in San Bruno, California.

85.    On information and belief, Counterclaim-defendant Knova is a corporation organized, incorporated, and existing under the laws of the State of Delaware, with its principal place of business in Cupertino, California. Knova was acquired by, and became a wholly-owned subsidiary of, M2M Holdings Inc. in December 2006. M2M Holdings Inc. changed its name to Consona Corporation in March 2007.

86.    Counterclaim-defendant Kanisa is a corporation organized, incorporated, and existing under the laws of the State of Delaware, with a principal place of business in Pittsburgh, Pennsylvania. On information and belief, Kanisa is a wholly-owned subsidiary of Knova.

## JURISDICTION AND VENUE

87.     This Court has subject matter jurisdiction over InQuira's Declaratory Judgment cause of action pursuant to 28 U.S.C. §§ 2201-2202 because an actual controversy exists between the parties with respect to the infringement and validity of the '585 Patent.  This Court has subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a).

88.     This Court has subject matter jurisdiction over InQuira's causes of action for Theft of Trade Secrets and Unfair Competition pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because these causes of action share a common nucleus of operative fact with the Declaratory Judgment cause of action and are relevant to InQuira's affirmative defenses.

89.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## FIRST CLAIM FOR RELIEF AGAINST KNOVA SOFTWARE, INC. AND KANISA, INC.
### (DECLARATORY JUDGMENT)

90.     InQuira herein incorporates the allegations of paragraphs 84-89.

91.     Plaintiffs Knova and Kanisa have alleged that InQuira infringes upon one or more claims of the '585 Patent and have filed a lawsuit in this Court based upon these allegations.  Accordingly, an actual controversy exists within the jurisdiction of this Court.

92.     InQuira is entitled to a declaration that it does not infringe, either directly or indirectly, any valid claim of the '585 Patent.

93.     InQuira is further entitled to a declaration that one or more claims of the '585 Patent are invalid for failure to satisfy the conditions of patentability set forth in Title 35 of the United States Code.

## SECOND CLAIM FOR RELIEF AGAINST KNOVA SOFTWARE, INC. AND KANISA, INC.
### (THEFT OF TRADE SECRETS IN VIOLATION OF CALIFORNIA UNIFORM TRADE SECRETS ACT)

94.    InQuira herein incorporates the allegations of paragraphs 84-93.

95.    Upon information and belief, Knova and Kanisa are direct competitors of InQuira in the market of making and selling customer relationship and software resolution management software applications.

96.    InQuira herein incorporates the allegations of paragraphs 76-78 regarding the specifics of Knova's theft of InQuira trade secrets contained in InQuira's Response to Request for Proposal ("RFP").

97.    The information in InQuira's Response to RFP that was knowingly misappropriated by Knova and its employees constituted a trade secret under California Civil Code § 3426.1(d).   That information derives independent economic value from not being generally known to the public or to others who can obtain economic value from its disclosure or use.  InQuira made reasonable efforts to maintain the secrecy of its confidential information.

98.    Having unlawfully and knowingly accessed and acquired InQuira's trade secrets, the conduct of Knova and its employees constitutes misappropriation under California Civil Code § 3426.1(b).

99.    Under California Civil Code § 3426.3, InQuira is entitled to recover damages for the actual loss caused by the misappropriation.  InQuira is also entitled to recover for the unjust enrichment of Knova and its employees, or in the alternative, compensation as measured by a reasonable royalty for Knova's use of InQuira's trade secrets.

100.    The misappropriation was willful and malicious.  Under California Civil Code §§ 3426.3(c) and 3426.4, InQuira is entitled to an award of exemplary damages equal to twice its actual damages, and to an award of its reasonable attorneys' fees.

101.    Under California Civil Code § 3426.2, InQuira is entitled to an injunction against Knova's continuing use of InQuira's trade secrets.

### THIRD CLAIM FOR RELIEF AGAINST KNOVA SOFTWARE, INC.
### (CALIFORNIA STATUTORY UNFAIR COMPETITION)

102.    InQuira herein incorporates the allegations of paragraphs 84-101.

103.    By the acts alleged in paragraphs 76-78 and 84-101, Knova has committed business acts and practices that are unlawful and unfair in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 to 17209.

104.    Knova's business acts and practices are unlawful and violate the UCL because they misappropriated and converted InQuira's trade secrets and confidential and proprietary information.  Knova's acts and practices violate California laws, including, but not limited to Cal. Civ. Code § 3426.  Knova's acts and practices are unfair and violate the UCL because they are illegal and impair fair and honest competition and otherwise significantly harm competition in the market for InQuira's products.

105.    Knova and its employees may use and/or publish InQuira's trade secrets and confidential, proprietary business information unless enjoined by the Court.

106.    By reason of the alleged acts and conduct of Knova and its employees, InQuira has suffered and will imminently suffer further harm, including the loss of proprietary information and competitive position, the amount of which will be difficult to ascertain.  InQuira will be without an adequate remedy at law.

107.    Because InQuira is without an adequate remedy at law, InQuira is entitled to an injunction restraining Knova and its officers, agents, employees, and all persons acting in concert with them, from using, copying, publishing, disclosing, transferring, importing, or selling InQuira's trade secrets or other confidential, proprietary information, or any product that is based

on or incorporates part or all of InQuira's trade secrets or other confidential, proprietary information, and from obtaining any commercial advantage or unjust enrichment from its misappropriation of InQuira trade secrets or other confidential, proprietary information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff InQuira respectfully demands a trial by jury and prays for judgment against Knova as follows:

(a)     That the Court dismiss Plaintiffs' claims in their entirety with prejudice;

(b)     That the Court find that Plaintiffs are not entitled to any of their requested relief, or any relief whatsoever;

(c)     That the Court find and declare that the claims of the '585 Patent are invalid;

(d)     That the Court find and declare that InQuira has not infringed, and is not now infringing, contributing to the infringement of, or inducing the infringement of any valid claims of the '585 patent under any subsection of 35 U.S.C. § 271;

(e)     That the Court find this to be an exceptional case entitling InQuira to an award of attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285;

(f)     That the Court award InQuira damages caused by Plaintiffs' misappropriation of trade secrets and unjust enrichment therefrom, and in any event not less than a reasonable royalty for Plaintiffs' use and disclosure of InQuira's trade secrets;

(g)     That the Court award InQuira exemplary damages equal to twice the actual damages caused by Plaintiffs' misappropriation of trade secrets, plus an award of InQuira's reasonable attorney's fees; and

(h)     That the Court award InQuira such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Thomas C. Grimm (#1098)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
   *Attorneys for Defendant InQuira, Inc.*

OF COUNSEL:

Thomas J. Friel, Jr.
Grant P. Fondo
Matthew J. Brigham
Iain R. Cunningham
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

May 11, 2007

825493

## <u>CERTIFICATE OF SERVICE</u>

   I, Rodger D. Smith II, hereby certify that on May 11, 2007, I caused the foregoing

to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification

of such filing(s) to the following:

     Sean J. Bellew, Esquire
     COZEN O'CONNOR

   I also certify that copies were caused to be served on May 11, 2007 upon the

following in the manner indicated:

## <u>BY EMAIL AND HAND</u>

     Sean J. Bellew, Esquire
     Cozen O'Connor
     1201 N. Market Street
     Suite 1400
     Wilmington, DE  19801
     sbellew@cozen.com

     */s/ Rodger D. Smith II*
     Rodger D. Smith II (#3778)
     MORRIS, NICHOLS, ARSHT & TUNNELL LLP
     Wilmington, DE  19801
     (302) 658-9200
     rsmith@mnat.com