IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KNOVA SOFTWARE, INC. and KANISA, INC. | : |
| Plaintiffs, | : C.A. No. 06-381-JJF |
| v. | : Jury Trial Demanded |
| INQUIRA, INC., | : |
| Defendants. | : |

### REPLY OF PLAINTIFFS/COUNTERCLAIM DEFENDANTS, KNOVA SOFTWARE, INC. AND KANISA, INC., TO COUNTERCLAIM OF DEFENDANT/COUNTERCLAIM PLAINTIFF, INQUIRA, INC.

Plaintiffs/Counterclaim Defendants, Knova Software, Inc. and Kanisa, Inc. ("Knova") hereby respond to the Counterclaims of Defendant/Counterclaim Plaintiff Inquira, Inc. ("Inquira"), according to the numbered paragraphs thereof as follows:

84. Admitted.

85. Admitted in part; denied in part. It is admitted that Knova is a corporation organized, incorporated, and existing under the laws of the State of Delaware, with its principal place of business in Cupertino, California. It is further admitted that M2M Holdings Inc. changed its name to Consona Corporation in March 2007. The remaining allegations in paragraph 85 of the Counterclaims are denied.

86. Admitted in part; denied in part. It is admitted that Kanisa is a corporation organized, incorporated and existing under the laws of the State of Delaware. It is further admitted that Kanisa is a wholly-owned subsidiary of Knova. The remaining allegation in paragraph 86 of the Counterclaims is denied.

87. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies those allegations.

88.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies those allegations.

89.     The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is required, Knova denies the allegation.

90.     Knova incorporates by reference, as if fully set forth herein, its response to paragraphs 84 through 89 of the Counterclaims.

91.     Admitted in part; denied in part. It is admitted that Knova filed a Complaint for patent infringement in this Court. The remainder of the allegations of paragraph 92 of the Counterclaims are denied on the grounds that Knova's Complaint is in writing and any characterization thereof is denied.

92.     The allegations of paragraph 92 of the Counterclaims are conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

93.     The allegations of paragraph 93 of the Counterclaims are conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

94.     Knova incorporates by reference, as if fully set forth herein, its response to paragraphs 84 through 93 of the Counterclaims.

95.     Admitted.

96.     Admitted in part; denied in part. It is admitted that requests for proposal are common in the software industry. Knova is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 76 of Inquira's Affirmative Defenses and, therefore, denies those allegations and demands strict proof thereof at trial. The allegations of paragraphs 77 and 78 of Inquira's Affirmative Defenses are denied.

97.     Denied.

98. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies those allegations.

99. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies those allegations.

100. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies those allegations.

101. The allegation in this paragraph is a conclusion of law to which no response is required. To the extent a response is required, Knova denies the allegation.

102. Knova incorporates by reference, as if fully set forth herein, its responses to paragraphs 84 through 101 of Inquira's Counterclaim.

103. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies those allegations. Knova further denies that there is any basis for the allegations in paragraphs 76 through 78 and 84 through 101 of Inquira's Counterclaim.

104. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies the allegations.

105. Denied.

106. Denied.

107. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Knova denies the allegations.

### FIRST AFFIRMATIVE DEFENSE

108. Inquira's counterclaims fail to set forth claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

109. Inquira's claims are barred, in whole or in part, by its own improper conduct.

## THIRD AFFIRMATIVE DEFENSE

110. Inquira's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

111. Inquira's claims are barred, in whole or in part, by its unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

112. Inquira's claims are barred, in whole or in part, by estoppel.

## SIXTH AFFIRMATIVE DEFENSE

113. Inquira's claims are barred, in whole or in part, by waiver.

## SEVENTH AFFIRMATIVE DEFENSE

114. No act of Knova caused Inquira any damage.

WHEREFORE, Plaintiffs/Counterclaim Defendants, Knova Software, Inc. and Kanisa, Inc., demand judgment in its favor and against Defendant/Counterclaim Plaintiff, Inquira, Inc., together with attorneys' fees and costs and such other relief as this Court deems to be just and equitable.

Dated: June 11, 2007

/s/ Sean J. Bellew
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

OF COUNSEL:
Robert W. Hayes, Esq.
James H. Heller, Esq.
Terry Henry, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

*Attorneys for Plaintiffs/Counterclaim Defendants, Knova Software, Inc. and Kanisa, Inc..*

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on June 11, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>Thomas C. Grimm (#1098)
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899

>*/s/ David A. Felice*
>David A. Felice (#4090)
>Cozen O'Connor
>1201 North Market Street, Suite 1400
>Wilmington, DE 19801
>Telephone: (302) 295-2000
>Facsimile: (302) 295-2013
>E-mail: dfelice@cozen.com